SIMPSON
v.
MINOR.

———————

### SIMPSON v. MINOR and Another.

In cases of domestic attachment,—that the bond had been executed in the clerk's office and approved of by him; and that the same, with the affidavit, had been filed in his office before the attachment issued,—are facts which may appear by the clerk's certificate on the papers, or may be proved by the clerk, or in any other mode, like other facts.

ERROR to the *Fayette* Circuit Court.

HOLMAN, J.—After the return of a domestic attachment, the defendants moved the Circuit Court to dismiss the attachment, because the attachment bond was not indorsed by the clerk as having been taken by him in his office, and by him approved of

and filed; and because the affidavit made before the attachment issued, was not indorsed as having been filed in the clerk's office. The bond is not attested, but it has at the foot of it these words: "Done in the clerk's office in the presence of ———;" and the affidavit appears on the face of it to have been made before the clerk. The plaintiff offered to prove by the clerk, then in Court ready to be sworn, that the bond was taken and approved of by him, in his office; that, at the time the attachment issued, the bond and affidavit were both before him; and that he filed them among the other papers in his office, but neglected to indorse them. The Circuit Court refused to hear this testimony, and decided that those facts should appear on the bond and affidavit, and could not be shown in any other way; and thereupon dismissed the attachment, and gave judgment for the defendants. The plaintiff filed a bill of exceptions, and prays a reversal of the judgment.

The decision of the Circuit Court is incorrect. The place where the bond was taken, the approval of the bond and surety, and the filing of the bond and affidavit, are matters of fact, which, so far as they are required to be shown, may appear on the face of the papers, or be proved in any other way. See *Averil* v. *Dickerson, December* term, 1817 (1). The clerk was a competent witness to prove those facts, and his testimony should have been heard.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Caswell,* for the plaintiff.

*Test,* for the defendants.

(1) Ante, p. 3.—*Woodburn* v. *Fleming*, ante, p. 4.