HENRIE *v.* SWEASEY, Administrator.

The statute requiring a suit in foreign attachment to be continued for two successive terms after publication proved, is complied with by a continuance of the cause at the term when the publication is proved, and at the next succeeding term.

A judgment in attachment, if the defendant did not appear, cannot be made the foundation of a suit.

ERROR to the *Franklin* Circuit Court.

SULLIVAN, J.—This was a proceeding by writ of foreign attachment in favour of the defendant's intestate against the plaintiff in error.

The affidavit on which the writ issued stated the plaintiff's demand to be for the sum of 860 dollars and 50 cents, the balance of a judgment rendered against *Henrie*, by the *Franklin* Circuit Court at the *April* term, 1835, " in *a proceeding of foreign attachment* in which said *Allen* in his lifetime as indorsee was plaintiff, and said *Henrie* as indorser was defendant;" which sum of 860 dollars and 50 cents was the balance of said judgment in foreign attachment, after deducting the amount made by *the sale of the property attached* in said case.

Publication was proved at the *October* term, 1836, and judgment was rendered in favour of the plaintiff at the term of *August*, 1837, to reverse which this writ of error is prosecuted.

It is contended that the suit was not continued two successive terms after publication proved, as the statute requires, before the Circuit Court adjudicated upon the plaintiff's demand. We do not construe the statute to mean, that there shall be two intervening terms between the proof of publication and the rendition of the judgment. One of the two continuances required by the statute, may be of the term at which publication is proved, and after another continuance, the case will stand for trial. According to that construction, the cause having been continued at the *October* term, 1836, at which publication was proved, and at the succeeding term of *February*, 1837, was ready for hearing at the time at which judgment was rendered.

May Term,
1840.

HENRIE
v.
SWEASEY.

A second exception taken, is to the sufficiency of the bond as not being in double the amount of the sum demanded, but the papers, we think, show the fact to be otherwise.

There is an objection taken, however, which is fatal to these proceedings. It is, that a judgment in a proceeding by attachment, when the defendant did not appear to the action, cannot be made the foundation of a suit. When in a suit, the defendant has been served with process, and has appeared, or might have appeared to defend it, the judgment of the Court is, in general, conclusive between the parties as to the indebtedness of the defendant to the amount of the judgment. On such a judgment an action will lie, and the defendant cannot deny the debt. This principle is familiar. But in the process by attachment, the proceedings are against the property only of the defendant, and where execution is awarded, it issues against the property attached, and nothing else. If it pays the debt, it is well; if not, the original debt, so far as it remains unpaid, continues. Judge *Story*, in his Conf. of Laws, page 461, speaking of the proceeding by attachment against the property of non-residents, says, " In such cases, for all the purposes of the suit, the existence of such property, within the territory, constitutes a just ground of proceeding to enforce the rights of the plaintiff, to the extent of subjecting such property to execution upon the decree or judgment. But it is to be treated to all intents and purposes, if the defendant has never appeared and contested the suit, as a mere proceeding *in rem*, and not personally binding on the party as a decree or judgment *in personam*."

*Per Curiam.*—The judgment is reversed with costs to be levied of the goods of the intestate, &c. Cause remanded, &c.

*C. B. Smith*, for the plaintiff.

*J. Ryman*, for the defendant.