May Term, 1846.

LEACH
v.
SWANN.

---

## LEACH v. SWANN, Administrator.

It is no objection to a foreign attachment against *A.*, that the debt on which the writ is founded is evidenced by the joint and several note of *A.* and *B.*

The plaintiff in such attachment must prove, that the person who assisted the sheriff in making the inventory and appraisement of the property attached, was a householder of the county.

Monday,
June 1.

APPEAL from the *Union* Circuit Court.

PERKINS, J.—Foreign attachment. The affidavit set forth an indebtedness evidenced by a promissory note. The writ of attachment issued and certain property was seized. At a subsequent term of the Court, the defendant, by attorney, filed a plea in abatement alleging that the note constituting the ground of indebtedness in the case, was executed jointly by the defendant and one *John Leach*, who was still alive and a resident of the state. Replication, that the note was several as well as joint. Demurrer to the replication, which

was overruled, and the defendant refusing to answer further, the Court gave judgment for the plaintiff for the amount of the note and costs, to be levied of the property attached, and directed a sale of the same.

It is contended that the Court erred, 1. In overruling the demurrer; 2. In rendering judgment for the sale of the property attached.

The note being several as well as joint, the plaintiff had a right to proceed for the collecting of his debt singly against either of the makers of the note, if he chose to do so. The remedy was several as well as joint. The fact that the proceeding was by attachment did not, as we think, vary the rule. The replication, therefore, constituted a good answer to the plea, and the demurrer to it was rightly overruled.

The second error is well assigned. The evidence did not show that the requirements of the statute had been strictly complied with. This, it should have done. *O'Brien* v. *Daniel*, 2 Blackf. 290. The statute (R. S. 1838, p. 80, sect. 3,) requires that the sheriff, after having taken property upon a writ of attachment, shall cause the same to be inventoried and appraised with the assistance of a credible householder of the county. In this case, the proof was that the inventory and appraisement were made with the assistance of *John Burk*; but whether *John Burk* was a householder, or a resident of the county, does not appear. For this defect, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Reid*, for the appellant.

*J. Perry*, for the appellee.