HIGGINS *v.* PENCE.

It is no objection to a foreign attachment against *A.,* that the debt on which the writ is founded is evidenced by the joint and several note of *A.* and *B.*

In such case a plea that the latter was a resident of the county and the owner of lands and goods there sufficient to satisfy said note, is bad either as a plea in abatement or in bar.

The Court is authorized to treat such a plea as a plea in bar, and a judgment *quod recuperet* is therefore proper.

*Friday, May 30.* ERROR to the *Miami* Circuit Court.

BLACKFORD, J.—This was a suit commenced by *Lewis Pence* against *William P. Higgins,* by a writ of domestic attachment.

The suit was founded on a joint and several promissory note executed by the defendant and *Jesse Higgins* and others. The note was dated in 1846, was payable to one *John C. Helms* or order without relief from valuation or appraisement laws, and was assigned by the payee to the plaintiff.

The attachment issued in *January,* 1849, and was re-

turned levied on certain property, real and personal, of the defendant.

The plaintiff, at the *March* term, 1849, filed his declaration, which is in the usual form. At the same time, the defendant appeared and pleaded as follows: The defendant says *actio non*, because he says that, at the time of the filing of the affidavit and issuing of the attachment, the said *Jesse Higgins*, whose name is signed to said promissory note, was a resident of said county of *Miami*, and the owner of lands and goods there, sufficient to satisfy said note with the interest; and this the defendant is ready to verify, wherefore he prays judgment.

General demurrer to the plea, and the demurrer sustained.

The defendant refusing to withdraw his joinder in demurrer, and saying nothing in bar of the action, the Court gave judgment for the plaintiff for the amount due on the note, and awarded execution against the property attached, ordering so much to be sold as was necessary to discharge the judgment.

The first error assigned is, that the Court erred in overruling the defendant's motion to dismiss the suit. But the motion, if any was made, was not made a part of the record, and need not, therefore, be any further noticed.

The next error assigned is, that the demurrer to the plea should have been overruled.

The note sued on being joint and several, and the suit being against one of the makers alone, the case is the same as if the defendant was the sole maker of the note. The plea, therefore, that one of the other makers was a resident of the county has no relevancy to the suit, and an issue in fact on the plea would have been immaterial. The plea, therefore, whether it be considered as a plea in abatement or in bar, is clearly bad, and the demurrer to it was rightly sustained. *Leach* v. *Swann*, 8 Blackf. 68.

The next error assigned is, that the form of the judgment on the demurrer is wrong.

The transcript does not give us the form of the judgment on the demurrer. But assuming it to be *that the plaintiff recover*, &c., the objection is not tenable. Such a judgment is right, if the plea can be viewed as a plea in bar. But if the plea is in abatement, the judgment should have been *quod respondent ouster*. The matter of the plea before us is not material. The plea is pleaded in bar of the action, and the Court was authorized to treat it as a plea in bar. 1 Chit. Plead. 460. That being so, a judgment *quod recuperet* was proper.

It is also assigned for error, that the final judgment was rendered without a jury. As the suit was undefended, and was founded on a promissory note, there could be no occasion for a jury.

The last error assigned is, that the form of the final judgment is erroneous.

The statute says that if the defendant do not appear, and there be due proof of publication, the Court may hear and determine the claim, render judgment for the sum due, and award execution against the property attached. It is also enacted, that the debtor may have the attached property released by giving bond, &c., or he may appear and plead without having the property released by giving bond. R. S. article 1, c. 41, ss. 16, 34, 37. We are of opinion that, according to these statutory provisions, the judgment in attachment, if in favor of the plaintiff, should be rendered in every case for the sum found to be due. The execution, where the defendant has appeared, may be awarded against his property generally. *Shoup* v. *Conwell*, at the present term (1). But if the execution, in such case, be limited to the property attached, the defendant is not injured, and has no cause of complaint.

In the case before us, the defendant appeared, the judgment was rendered for the sum found to be due, and the execution was limited to the property attached. There

is no error in this of which the defendant can com-
plain.

May Term,
1851.

Per Curiam.—The judgment is affirmed with 3 per cent.
damages and costs.

*D. D. Pratt*, for the plaintiff.

*A. A. Cole*, for the defendant.

