Nov. Term,
1856.

MARNINE
v.
MURPHY.

MARNINE *v.* MURPHY.

Foreign Attachment. Affidavit as follows: "State of *Indiana, Daviess* county, ss. *Daviess* Circuit Court, *April* term, 1848. *Jeremiah Murphy*, of the county of *Vigo*, and State aforesaid, being duly sworn says that *John Marnine*, of the State of *Ohio*, is justly indebted to him in the sum of 392 dollars, as follows, to-wit: In the sum of 160 dollars had and received by the said *John* from the said *Jeremiah*, to enter land in *Indiana* for him, the said *Jeremiah*, but which he, the said *John*, converted to his own use; also the sum of 117 dollars collected by the said *John* for said affiant, &c.; also, the sum of 80 dollars paid, laid out, &c.; all of which sums, &c; and that the said *Marnine* is not a resident of *Indiana*, but of *Ohio*," &c. A bond in the penal sum of 780 dollars was filed with the affidavit. The record states that upon the filing of the affidavit and bond, a writ, &c., issued, &c. The writ recited the affidavit and bond. At the *April* term, the plaintiff appeared, proved publication for three successive weeks, and had the cause continued. The sheriff's return to the writ was in these words: "On the 7th day of *March*, A. D. 1848, I attached within my county the real estate described in the following inventory, as the property of the within *John Marnine*, and on the same day, with the assistance of *Beverly Berry*, a disinterested householder, made an inventory and valuation of the same, which I have herewith returned, annexed to this writ,—being all the property of the said *John Marnine*, that I could find in my bailiwick." Signed by the sheriff. At the *October* term the cause proceeded regularly to judgment.

*Held*, that it sufficiently appears that the bond was approved prior to the issuing of the writ.

*Held*, also, that it sufficiently appears that the property attached was situate in *Daviess* county.

*Held*, also, that the notice was sufficient under the statute of 1843.

*Held*, also, that the statute of 1843 required but one continuance after proof of publication.

*Held*, also, that it cannot be objected that the affidavit shows the plaintiff entitled to a larger sum than he demands; but,

*Held*, also, that the bond is invalid—it should have been in double the amount claimed in the affidavit; and

*Held*, also, that it should have been shown that the attachment was levied in the presence of a disinterested and credible freeholder.

*Held*, also, that proceedings in attachment, being *ex parte*, must be pursued strictly; and that the judgment in such cases will be reversed for very slight departures from the statute.

*Friday,*
*December 5.*

ERROR to the *Daviess* Circuit Court.

PERKINS, J.—Foreign attachment. An affidavit as follows was made and filed:

Nov. Term, 1856.

MARNINE
v.
MURPHY.

"State of *Indiana, Daviess* county, ss., *Daviess* Circuit Court, *April* term, 1848. *Jeremiah Murphy*, of the county of *Vigo*, and State aforesaid, being duly sworn says that *John Marnine*, of the State of *Ohio*, is justly indebted to him in the sum of 392 dollars as follows, to wit: In the sum of 160 dollars had and received by the said *John* from the said *Jeremiah* to enter land in *Indiana* for him, the said *Jeremiah*, but which he, the said *John*, converted to his own use; also the sum of 177 dollars collected by the said *John* for the said affiant, &c.; also the sum of 80 dollars paid, laid out, &c.; all of which sums, &c. And that the said *Marnine* is not a resident of *Indiana* but of *Ohio*," &c.

With the affidavit, was filed a bond in penal the sum of 780 dollars.

"Upon the filing of which affidavit and bond," says the record, a writ, &c., issued, &c. The writ recited the affidavit and bond. It issued upon the 6th of *March*. The *April* term of the Court commenced on the 23d of *April* following. At that term the plaintiff appeared, proved publication for three successive weeks from the 25th day of *March*, and had the cause continued.

The sheriff's return to the writ of attachment was in these words: "On the 7th day of *March, A. D.* 1848, I attached within my county the real estate described in the following inventory, as the property of the within *John Marnine*, and on the same day, with the assistance of *Beverly Berry*, a disinterested householder, made an inventory and valuation of the same, which I have herewith returned, annexed to this writ,—being all the property of the said *John Marnine*, that I could find in my bailiwick." Signed by the sheriff; and containing, appended, the appraisement of the property by the sheriff and said *Berry*.

At the *October* term, the defendant was called, defaulted, proof of publication, &c., presented, an inquest of damages taken by a jury, judgment, and order of sale of property entered, &c.

The objections to these proceedings are:

1. The bond does not appear to have been approved

VOL. VIII.—18

Nov. Term,
1856.

MARNINE
v.
MURPHY.

prior to the issuing of the writ. We think it does, sufficiently. 1 Blackf. 229.

2. It does not appear that the property attached was situated in *Daviess* county. We think it does.

3. Notice was not published for four weeks. The statute required but three. R. S. 1843, p. 773.—1 Blackf. 237.

4. There was but one continuance, after proof of publication. That was all the statute required. R. S. 1843, p. 773.—See 5 Blackf. 335. The statute of 1831 required two.

5. The affidavit shows that the plaintiff is entitled to a greater sum than he demands in his affidavit. This is no objection. *Henrie* v. *Sweasey*, 5 Blackf. 273.

6. The bond is not in double the amount claimed in the affidavit. This is true. The amount claimed is 392 dollars. Double that sum is 784 dollars. The bond is in the sum of 780 dollars (1).

7. The attachment is not shown to have been levied in the presence of a disinterested and credible freeholder. This position is true (2).

Now, these deparitures from the requirements of the statute seem small, but they are departures; R. S. 1843, pp. 765, 773; and proceedings in attachment, being *ex parte*, great strictness is required. *Leach* v. *Swann*, 8 Blackf. 68. The judgment, in such cases, will be reversed for small deviations from the statute. It must be, in this case.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*B. M. Thomas*, for the plaintiff.

*J. M. Van Trees*, for the defendant.

(1) See *Young* v. *Grey*, Harp. 38; *Callender* v. *Duncan*, 2 Bail. 454; *Brown* v. *Whiteford*, 4 Rich. L. 327; *Lawrence* v. *Featherston*, 10 Sm. and Marsh. 345.

The defendant is usually the only party who can take advantage of this defect. Drake on Attach., s. 142 and authorities cited. The advantage must be taken *in limine*, *id.* 143, and notes. The objection comes too late in an appellate court, when not made in the court below.—*Id.*

(2) See *Gardner* v. *Hunt*, 2 Rich. L. 601.