# WHEELING.

## STEELE v. HARKNESS.

### July 17, 1876.

| 9 | 13 |
| 49 | 143 |

| 9 | 13 |
| 154 | 476 |
| 9 | 13 |
| 57 | 320 |
| 57 | 324 |
| 157 | 329 |

1876.
June Term.

1. The plaintiff brought his action at law and sued out his summons returnable to October rules, 1875, and filed his declaration; the summons is returned "no inhabitant of my bailiwick." Nothing is shown in the case, by affidavit, or attachment, or otherwise, on which to found the jurisdiction of the court, other than the residence of the defendant in the county in which the suit is instituted.—HELD:

    The suit abates upon the return of the *non residence* of the defendant.

2. After the return day the plaintiff filed an affidavit that "the defendant was not a resident of the State," and sued out an attachment and caused it to be levied upon estate of the defendant in the county in which suit was brought.—HELD:

    That the suit had abated by the return of the sheriff, before the filing of the affidavit and issuing of the attachment in the cause; and that all proceedings had, or taken, in said cause, after the abatement were irregular and erroneous.

3. After a suit has abated it is not competent to sue out an attachment in that cause, because such affidavit and attachment must be sued out in a pending cause.

4. The defendant not having entered his appearance, either at rules or in term, to the action, has a right, on the calling of the cause, to object that it has not been legally matured for trial; and if the court overrules his objection, he has a right to file his exceptions to such ruling, and if such ruling be erroneous, this Court will reverse the same, although the defendant afterwards appeared to the action and plead fully thereto, unless he expressly waived his exception thereto.

*Supersedeas* to a judgment of the circuit court of Wood county, rendered on the thirtieth day of December, 1874, in a suit then pending in said court, wherein D. Smythe Steele was plaintiff, and W. W. Harkness, defendant. The *supersedeas* was granted on the petition of the defendant below.

The other facts sufficiently appear in the opinion of the Court.

The Hon. James M. Jackson, judge of said circuit court, presided at the trial below.

*Amiss & Son*, for the plaintiff in error.

*Walter S. Sands*, for the defendant in error.

EDMISTON, JUDGE.

An action of assumpsit was brought in the circuit court of Wood county against the plaintiff in error to recover the balance claimed to be due the defendant in error on an account. The summons was issued on the fourth day of October, 1873, returnable to the first Monday in the same month, went into the hands of the sheriff, and was, by him, returned, "no inhabitant of my bailiwick."

At October rules the declaration was filed, and with it an account specifying the items that he would seek to prove upon the trial.

At October rules an order of publication was awarded, and at November rules a common order was taken. At December rules, that order was confirmed and an inquiry of damages awarded, and the cause came upon the docket at the December term of the court, when this order was entered: "For reasons appearing to the court this cause is remanded to the rules." The same proceedings were had again, and resulted in remanding the cause a second time. At August rules, 1874, a further order of publication was awarded, and at October rules, 1874, a common order was again taken, and at Novem-

1876.
June Term.

Steele
v.
Harkness.

ber rules ensuing the common order was confirmed and a writ of inquiry, &c., awarded. The cause came on the docket again at December term, 1874.

On the thirty-first day of December, 1873, the plaintiff below filed his affidavit with the clerk, in which he refers to the cause, swears and says, "that the defendant W. W. Harkness is justly indebted to him in the sum of $350—the price and value of labor performed for said defendant at his request, and affiant justly believes he ought to recover that amount from said defendant: Affiant further says that the said W. W. Harkness is a non-resident of the State of West Virginia and desires that an attachment should issue against said defendant W. W. Harkness in the said cause."

On the fifth day of February, 1874, the clerk issued an attachment directed to the sheriff of Wood county, or any constable in any district therein, commanding that the estate of the defendant, sufficient to pay the sum of $350, with interest thereon from first day January, 1872, and costs of suit should be seized and make return thereof to the next term of the court. The sheriff returns that on the twentieth of March, 1874, he had levied on certain personal property belonging to defendant.

On the twenty-third of December, 1874, the cause was called for trial; the counsel for the defendant appeared, but only for the purpose of objecting to the hearing of the same, and "moved the court to strike the cause from the docket, because it was improperly placed there;" and assigned as reasons therefor that process had not been served, that defendant had not been served with a copy of the attachment issued therein, nor order of publication, which was claimed to be defective and insufficient, because the order was awarded at October rules, 1873, prior to the issuing and levy, of the attachment;—and because it was defective in not showing that an attachment had been sued out, and was not properly executed."

The facts being submitted to the court, it refused to strike the case from the docket.

The defendant then appeared and plead fully to the action and filed sets off greater than the demand of the plaintiff. A trial was had and judgment for plaintiff.

The defendant filed his bill of exceptions to the decision of the court in overruling his motion.

On this very unsatisfactory state of facts this cause comes to this Court for review. It is rather difficult to see what the facts were, with that clearness and distinctness with which facts should be presented to an appellate tribunal. But from the whole record, as presented, and the arguments of counsel on both sides, it may be treated as an action at law brought by a resident plaintiff against a non resident defendant under the one hundred and twenty-third chapter of the Code of West Virginia, prescribing where suits at law and chancery may be commenced.

The *First* section of this chapter prescribes: "Any action at law or suit in equity, except where it is otherwise specially provided, may be brought in the circuit court of any county:

*First* wherein any of the defendants may reside ; or

*Secondly,* if a corporation be a defendant, wherein its principal office is, or wherein its mayor, rector, president, or other chief officer resides ; or,

*Thirdly,* if it be to recover land or subject it to a debt, or be against a debtor who resides without, but has estate or debts due him within this State, wherein such land, estate or debts or any part thereof may be.

The *second* section provides that "an action may be brought in any county wherein the cause of action, or any part thereof, arose, although none of the defendants may reside therein."

As a general rule, a suit may be brought where the defendant (if one only) or any one of the defendants, if more than one, may reside. And the plaintiff can mature his cause by process served, or by order of publica-

tion, under certain circumstances, as against a resident of the State.

The *second* section, giving jurisdiction in the county in which the cause of action arose, is limited in its operation, by requiring process to be executed in the county, or at least it is provided that process against a defendant (unless a railroad, &c., &c., be a defendant) to answer in any action brought under the *second* section of chapter one hundred and twenty-three shall not be directed to an officer of any other county than that wherein the action is brought." Sec. 2 of chap. 124.

Under the eighth section of chapter one hundred and twenty-five we find it provided : "When a summons to answer a bill or action is against a defendant whom the officer (receiving it) knows does not reside in his county, or that he resides out of the State, he shall, unless he find him in his county on or before the return day, return him a non-resident; whereupon, if the court from which process issued have jurisdiction of the case, only on the ground of such defendant's residence in such county the action or suit shall abate as to him ; and if he be returned a non-resident of the State, and the court have jurisdiction of the case *only* on the ground that the cause of action arose in the county, the action or suit shall abate as to him."

It is clear that when a suit is brought under the *first* clause of the *first* section of chapter one hundred and twenty-three and the return is "no inhabitant of my bailiwick," meaning, perhaps, of the county, then the suit abates as to such defendant, unless some ground of jurisdiction be shown, other than the residence of the defendant in the county.

And where the suit is brought under the *second* section of the act upon the return of the officer that he is a "non resident," (and he shall return the truth), if he be returned a non resident of the State, and the court have jurisdiction of the case *only* on the ground that the cause of action arose in the county, the action shall abate

3

1876.
June Term.

Steele
v.
Harkness.

as to him. This section says if the officer knows that the party does not reside in his county, or that he resides out of the State, he shall, unless he find him in his county on or before the return day, return him a "non-resident." Upon the officer making the return as prescribed, to-wit ; that he is a "non-resident," it is to be held a valid return in both cases—the one that he is a non-resident of the county and the other that he is a non-resident of the State ; and, in either case, the suit should abate as to such defendant if no other ground for the jurisdiction be shown.

I think, *"prima facie,"* actions brought against an individual would fall under one of these provisions ; and that upon the return of the officer that he is a "non-resident," the suit should, and would, abate. And if the plaintiff desired to keep his suit from abating by law he would have to show, in some way proper, that the court had jurisdiction on some other ground. If, for instance, he brought a chancery suit against a non-resident of the State he could and would show in his bill that he claimed jurisdiction under the *third* clause of section first of chapter one hundred and twenty-three which says, "if it be against a debtor who resides out of the State, but has estate in the county in which the suit is brought, the court shall have jurisdiction," then his case does not fall within the influence of the eighth section of chapter one hundred and twenty-five, above, and would not abate under that section. But if his action be at law against a non-resident, under the same clause, what should he do to show under which he claims jurisdiction ? I think the only correct or safe way would be to make the affidavit required by the first section of the attachment law, and thereon to sue out his attachment, before the return day of his writ ; because he shows by that that the court has jurisdiction, on the ground that defendant is a non-resident, but has estate liable to attachment in the county in which his suit is. He shows that his suit is not brought because the defendant resides in the county, or because

the cause of action arose in the county, but on other grounds. I have said, *"prima facie,"* suits are to be regarded between citizens; if the plaintiff wishes to be clear of this presumption he ought to show that something in his case saves it from that presumption. If some such rule as this is not to be adopted it would seem that a plaintiff might bring his suit at law, and it matters not what the return of the officer is, he can let his case remain; and in a year or two he can proceed to show the grounds on which he claims jurisdiction and perfect his case and proceed to judgment. This view would be taken under the provision in the *first* section of the attachment law, which says that the plaintiff, at the commencement of the action, or any time thereafter, and before judgment, may have an order of attachment, on filing an affidavit stating the nature of the claim, and the amount the affiant believes the plaintiff is justly entitled to recover in the action, and that the defendant is a non-resident of the State. I say it may be claimed that this can be done at any time before judgment, but is it not manifest that it must be done during the pendency of the suit? I think that is clear. If he has allowed his case to fall into the influence of the law applicable to residents and to be in a condition by which it would abate before he takes this step, he does not file his affidavit and sue out his attachment in a pending cause, but he does it in a case that has abated and that is not allowed by that section.

He sues out the process which is applicable to resident defendants, it is addressed to the sheriff of the county, commanding him to summon the defendant to appear before the court on a certain day to answer the claim of the plaintiff. We would naturally infer, as I have said, that the defendant was in the county, from this, especially if nothing else appears in the case; and on the return that he is a "non-resident," the suit would abate. These statutes must be construed, under the well established rules of decision in regard to these Codes, together, so as to

give them consistency with each other. If I am wrong in my view it seems to me that the eighth section of chapter one hundred and twenty-five would be wholly useless and have no effect whatever. But give these statutes the construction I do, it is operative and no injury is worked to any one. This was the view of the court of appeals of Virginia when they decided the case of *Pulliam v. Aler*, 15 Gratt. 54. This case decides that an affidavit might be filed and an attachment issued at any time before the return day of the writ, and that it need not be issued at the same moment of time that the writ issues, under the first section of the attachment law found in the code of Virginia. Judge Allen says, on page fifty-nine: "The complaint of delay is obviated by the fact that the suit will be abated by the return of 'non-residence' on the summons, unless the garnishee process is sued out before the return day." This abatement grows out the seventh section of chapter one hundred and seventy-one of the code of Virginia, and is that from which the eighth section of chapter one hundred and twenty-five in the Code of West Virginia, above treated of, was taken. The section in our Code is a little different, but not materially, so far as this case is concerned.

I know it is claimed by some that a suit may be brought against a non-resident of this State, and, merely by order of publication, a judgment may be had. And to support this, they rely upon the first part of the eleventh section of chapter one hundred and twenty-four, which says: "An affidavit that a defendant is not a resident of this State; or that diligence has been used by the plaintiff to ascertain in what county he is without effect; or that process directed to the officer of the county in which he resides, or is, has been twice delivered to such officer, more than ten days before the return day, and been returned without being executed; or that the defendant is a corporation, and that no person can be found in the county upon whom the process can be le-

gally served; an order of publication may be entered against such defendant." It is claimed that the *first* clause authorizes the order of publication and a judgment to be entered under the subsequent provisions in the chapter. But it is clear to my mind that no such force can be given to this clause; because this is the statute that gives an order of publication against a non-resident defendant in any and all actions in which an order of publication must be resorted to for the purpose of maturing a case against a non-resident defendant. It is to be on affidavit that he is not a resident of the State. There is no other section providing how an order of publication is to be had. But there are many cases in which the plaintiff must take an order of publication to mature his case for hearing, and this is the clause that prescribes how he can obtain that order. This is the only effect that this clause has; and it seems to me to be wholly untenable to claim that by force of this alone that a judgment may be had against a non-resident defendant, without something else to give the court jurisdiction. To illustrate my idea; a suit is brought against a non-resident defendant upon the ground that he has estate in the county in which the suit is; upon affidavit as to the justice and amount due, and that the defendant is not a resident of the State, an attachment may issue to seize his estate. All this being done you cannot take a judgment if he is not served with process, unless you sue out an order of publication and mature the case for hearing.

By the seventeenth section of the attachment law it is provided: "When any attachment, except, under the third section, is returned executed, an order of publication, as prescribed in chapter one hundred and twenty-four, shall be made against the defendant against whom the claim is, unless he has been served with a copy of the attachment, or with process in the suit in which the attachment issued." When you look to chapter one hundred and twenty-four to see what you must do to obtain the order of publication, you find in this *first* clause that

1876.
June Term.

Steele
v.
Harkness.

it must be "on affidavit that he is not a resident of this State." An order of publication may then issue against him and then, by following the other provisions of the attachment law and of chapter one hundred and twenty-four, you obtain a judgment or decree. This is the only law prescribing how you can obtain the order, but there are many other cases making it necessary to proceed by order of publication.

My view is illustrated and proven by the provision in the eighth section of chapter one hundred and twenty-five, that I have been treating, which says if the return shows the defendant to be a non-resident of the State, and the court having jurisdiction of the cause *only* on the ground that the cause of action arose in the county, the action shall abate. Why not, if he is a non-resident, make affidavit to the fact and proceed to judgment? Why should this case differ from any other? No, it means that where it is necessary to mature the cause by order of publication, as in the case of proceedings by attachments and many other cases, it must be done by order of publication, when service cannot be had; and this clause provides the means of obtaining the order in all necessary cases. The order does not give jurisdiction as claimed; it only enables a party to mature a cause for hearing, over which the court has jurisdiction, It is necessary that it should be had, because in many cases it is impossible to procure personal service of process; this order of publication in lieu thereof, with time to show cause against the decree or judgment, adds greatly to the administration of justice and produces no real injury.

The summons in this case was returnable to October rules 1873, the declaration filed and an order of publication taken at November rules—the common order taken because the order of publication was completed; and at December rules, the common order was confirmed. This was all simply upon and by force of the order of

publication. When the case went back to rules an affidavit of non-residence was filed and attachment sued out and levied, and such proceedings had as resulted in an office judgment and writ of enquiry being awarded. · All these proceedings were irregular and defective. The affidavit was defective; the order of publication was wholly defective; and, in addition to that they were had after the action had abated.

In this state of the case the defendant below found himself involved, and the question with him was, what could, or ought, he to do. His counsel believing that the case was wrongfully in court, appeared for the purpose of testing that question, and of invoking the judgment of the court thereon. He moved the court to strike the case from the docket and produced all the orders, &c., to the court, to show that the suit had abated by operation of law; but the court thought otherwise, and to that opinion of the court he filed his bill of exceptions.

It cannot be doubted but the defendant had the right on the calling of the case to object that it had not been legally matured for trial. This is what he did in this case. Upon that objection the court was to look into all the process, returns and proceedings, as part of the record. This is expressly what Dice did in *Hickam v. Larkey,* 6 Gratt. 210. In this case, Judge Daniels says: "The plaintiff in error having entered no appearance, either at the rules or in term, had a right, on the calling of the cause, to object that it was not legally matured for trial; and, in considering the objection, all the process, returns and proceedings were, necessarily, parts of the record." I think upon the inspection of the process, returns and proceedings, it is clear that the motion of the plaintiff in error should have prevailed and the cause should have been stricken from the docket, because it had abated.

But it is claimed, with great plausibility, that as the plaintiff in error, after his motion had been thus improp-

erly overruled, appeared to the action, plead fully and went to trial; he thereby waived all the errors in the process and proceedings. And this proposition would extend so far as to claim that he thereby waived the objection to the ruling of the court to which he had excepted.

To support this proposition they refer to *Williams & Roys v. Campbell,* 1 Wash. 153; *Buckingham v. McLean,* 13 Howard 150; *Farrar v. United States,* 3 Peters 459; *Gracie v. Palmer,* 8 Wheat. 699; *Pollard v. Dwight,* 4 Cranch 421; *Bank of the Valley v. Bank of Berkeley,* 3 W. Va. 386; *Hickam v. Larkey,* 6 Gratt. 210; *Harvey v. Skipwith,* 16 Gratt. 410.

I believe all the above cases, except that of *Hickam v. Larkey,* are cases in which the appearance was first made to the action, and then objections made to some defect in the process or proceedings and of course it was held to come too late, that it was cured by the appearance to the action. But in the case of *Hickam v. Larkey,* there was not an appearance to the action, but simply to object to the fact that the case had been legally matured. The latter decides that he had a right to do this and to invoke the judgment of the court upon that question; and as the court refused to do this, the court of appeals reversed its decision.

It is true that in that case, when the circuit court refused to consider the question, the party made no appearance to the action. And this is the difference in that case and in the one here.

I think as the party had a right to have the judgment of the court, and did obtain it and saved it on the record, that he had a right to go on and make such other defence as he was advised proper; and by so doing he did not waive the exception he had properly reserved.

I am therefore of opinion that the ruling of the circuit court was erroneous and that it must be reversed, with costs to the plaintiff in error; and this Court pro-

ceeding to render such judgment as the circuit court should have entered, it is considered that the plaintiff's suit be dismissed, because the same had abated, and that the defendant recover his costs in the circuit court.

The other Judges concurred.

JUDGMENT REVERSED AND SUIT DISMISSED.