## BOYER ET AL. *v.* MEEKS.

[No. 13,272.   Filed January 10, 1929.]

*Pete H. Dawson,* for appellants.
*Laymon & Laymon,* for appellee.

McMahan, P. J.—Action by David Meeks, appellee herein, in replevin against Vila Boyer, David Addams and Daniel Sharp to obtain possession of an automobile. A trial by the court resulted in a judgment for the plaintiff. The defendants appeal and contend that decision of the court is not sustained by sufficient evidence.

The facts as shown by the undisputed evidence are, in substance, as follows:

On May 7, 1927, David Addams filed his complaint before Sharp, a justice of the peace, against appellee and William Crockett to recover a judgment on a promissory note. Summons was issued returnable May 12, and placed in the hands of appellant Boyer, a constable, for service. This summons was served May 10, and on May 12, both defendants were defaulted and a judgment was on that day rendered against them in the sum of $31.94, and costs. No execution appears to have been issued on this judgment, but on June 22, 1927, there was filed with Sharp what purported to be an affidavit in attachment, entitled, *"David Addams* vs. *David Meeks,"* in which it was stated that the defendant was about to remove his property out of the jurisdiction of the court, and was about to sell or dispose of his property subject to execution with such intent. A bond having been filed with and approved by the justice, he issued a writ of attachment, directing the constable to attach the property of Crockett and Meeks, to be disposed of according to law. The justice also issued a summons requiring Crockett and Meeks to appear on June 25, to "answer an affidavit in attachment." This summons was served on Meeks but not on Crockett, and, on June 25, Meeks was defaulted, and it was "adjudged by the court that a judgment in attachment be rendered against said de-

fendant and goods and chattels are hereby ordered sold." On the same day, June 25, the justice issued an order to appellant Boyer, as constable, directing him to sell as upon execution the chattels attached by him, to wit: "One Ford coupe or as much thereof as may be necessary to make the sum of $77.79." The writ of attachment was not returned until two days after the issuing of the above order of sale. On July 27, Boyer, as constable, gave notice that "at or about" 9 a. m., August 10, he would sell the automobile in question as the property of appellee taken on an execution in favor of Addams. On June 28, appellee filed a verified inventory and appraisment of his property, in proper form, and claimed the automobile as exempt from sale on execution. Instead of releasing the property as exempt from sale, the constable retained possession of it, and later sold it to Louis Nunley, who in turn sold it to Addams, who claims it as his. After appellee had filed his schedule claiming the automobile as exempt from sale, Addams filed what he denominated an answer to appellee's claim for exemption, attempting to challenge the claim that appellee was a resident householder and, as such, entitled to claim the property as exempt. The only further step shown to have been taken was the filing of an affidavit by appellee alleging that he could not have a fair trial before Sharp, although the inference to be drawn is that the matter was sent to another justice of the peace, and, so far as shown by the evidence, is still pending.

We will say as little as we can about the character of the proceedings before the justice of the peace. To say the least, they present a "mess"—a condition that ought not exist, especially in a case where the justice appears to have been acting under the guidance of men admitted to practice law.

Addams claims to be the owner of the automobile by virtue of the proceedings in attachment and the con-

stable's sale, which he insists was a sale made on an order in attachment, as distinguished from a sale on execution. An attachment is a provisional remedy whereby a debtor's property or any interest therein capable of being taken under a levy and execution is placed in the custody of the law to secure and protect the interests of creditors, pending the determination of the cause to which the attachment is auxiliary. An attachment is not an original action. It is a proceeding auxiliary, or incidental, to the main action, and is intended to secure the payment of any judgment that may be recovered therein. *Hoffman* v. *Henderson* (1896), 145 Ind. 613, 622, 44 N. E. 629; *Cunningham* v. *Jacobs* (1889), 120 Ind. 306, 22 N. E. 335; *Lowry* v. *McGee* (1881), 75 Ind. 508; *State, ex rel.,* v. *Miller* (1878), 63 Ind. 475. Under §981 Burns 1926, Acts 1881 (Spec. Sess.) p. 240, §197, "The plaintiff, at the time of filing his complaint, or at any time afterward, may have an attachment against the property of the defendant." This means that the attachment may be had at the time of filing the complaint or at any time thereafter before judgment in the action to which it is auxiliary. No attachment can issue after judgment in the main action. See *W. G. Jenkins & Co.* v. *McKenzie* (1924), 39 Idaho 291, 226 Pac. 1069; *Steele* v. *Harkness* (1876), 9 W. Va. 13.

The proceedings in attachment and the sale attempted to be made thereunder are void. Judgment affirmed with ten per cent. penalty.