BROCKHAUS *v.* ALLEN, ET AL.

[No. 18,643.   Filed June 17, 1955.   Rehearing denied September 27, 1955.   Transfer denied June 15, 1956.]

602

*Winslow Van Horne,* of Auburn, for appellant.

*G. Kenneth Hubbard,* of Angola, for appellees.

CRUMPACKER, J.—The appellees sued the appellant upon a complaint in two paragraphs. The first is for rent alleged to be due under the terms of a written lease whereby the appellant occupied certain real estate in Steuben County, Indiana, belonging to the appellees.

The second is for the purchase price specified in a written contract whereby the appellees sold the buildings, stock and equipment constituting an enterprise known as Allen Auto Parts in Angola, Indiana, to the appellant upon deferred payments none of which was due when the complaint was filed. Said complaint however was accompanied by a sufficient affidavit in attachment alleging, *inter alia*, (5) "that the defendant has sold, conveyed or otherwise disposed of his property subject to execution, or suffered or permitted it to be sold, with the fraudulent intent to cheat, hinder or delay this creditor;" and (6) "that the defendant is about to sell, convey, or otherwise dispose of his property subject to execution, with intent to cheat, hinder or delay this creditor." When these grounds of attachment are shown our statute sanctions the commencement of a suit to collect a debt not yet due. Sec. 3-501, Burns' 1946 Replacement. Upon the filing of a satisfactory bond a writ of attachment was issued directed to the sheriff of Steuben County who levied the same on all property found on the lot upon which the appellant conducted his said business. The appellant filed answers joining issues on both paragraphs of the complaint and the affidavit in attachment, and upon trial the court found for the appellees on the first paragraph of their complaint in the sum of $55, and on the second paragraph thereof in the sum of $4,000, entered judgment accordingly and ordered the attached property sold to satisfy said judgment.

The appellant's brief signifies content with the finding and judgment on the first paragraph of the complaint and he makes no attack upon it. He challenges the decision on the second paragraph, however, mainly on the ground that the attachment, not being sustained

by sufficient evidence, must fail thus leaving no basis for a suit on a debt not yet due.

The evidence most favorable to the court's decision may be summarized as follows: On March 2, 1953, the appellee John Allen and the appellant had a conversation in which the appellant intimated that, because of poor business, he couldn't pay his rent and the appellee said he supposed he would have to attach something to get his money. That night the appellant moved 15 to 18 automobiles, which he characterizes as junkers, across the street from his place of business and stored them on a vacant lot next to a filling station. In addition thereto, and at about the same time, he moved several carburetors and rebuilt generators in the trunk of his car to the home of a relative in Fort Wayne and stored half a dozen tires, some radiator hose and a small lathe in a private garage in Angola. The next day or there abouts said appellee saw the cars, so moved off the appellant's lot, and sought him out in an endeavor to get their differences adjusted. "I tried to get Mr. Brockhaus to settle the thing and give me a new contract so thàt I would have an even chance, and go in business, that there was no need to do what he did. He said he would have no part of it and that he had sold the cars." Thereupon this suit was commenced and the writ of attachment in question was issued. None of the property above mentioned was attached however and from time to time thereafter the appellant sold some of it including the old automobiles upon which he realized between seven and eight hundred dollars. He moved the above property off the lot where he customarily did business because as he put it "I went up and saw my lawyer and he said the best thing I could do was to move off everything I could . . . I had a lot of money involved in it and Mr. Allen said

he would not accept the rent and he was going to serve the attachment." There is some evidence that he sold a quantity of scrap iron to one Sam Levine of Kendallville before the writ of attachment was issued but this appears to have been done in the regular course of business. No part of the money realized through the sale of this property was paid to the appellees.

On this state of the record we cannot say, as a matter of law, that the court was not justified in concluding that the appellant was about to sell or otherwise dispose of his property subject to execution with intent to hinder or delay the appellees in the collection of money owing them under the terms of the contract and would have done so except for the writ of attachment.

The appellant contends, nevertheless, that if the property he moved and subsequently sold did not exceed $700 in value, it was not subject to execution and he could do with it as he pleased without affording grounds for attaching his remaining property. The property removed and sold was not attached and the appellant's conduct in reference to it is unimportant except as it sheds light on his intention in respect to his property as a whole. But even though there be merit in the appellant's argument it is answered by the record itself which discloses that he realized between seven and eight hundred dollars through the sale of the automobiles alone.

The appellant suggests that the appellees' threat to attach his property, which they had no reason for doing, justified his conduct because he had the right to protect his business from the effects of an illegal attachment. This does not appeal to us as a valid argument. The attachment bond, which the law requires, afforded the appellant ample protection against

an illegal attachment without resort to acts which made a threatened illegal attachment legal when actually levied. Prior to trial the appellant sought, by motion, to dissolve the attachment for the reason that the affidavit, upon which the writ issued, alleges two grounds of attachment which are inconsistent. This motion was overruled and the appellant predicates error thereon. The affidavit alleges that the appellant "has sold, conveyed and otherwise disposed of all his property," etc., and also charges that he "is about to sell," etc. It is true that these allegations are inconsistent. Both cannot be established but both are statutory grounds for attachment and we have been referred to no authority, nor have we found any, holding that both cannot be alleged and the attachment sustained if either is proven. In this state inconsistent causes of action may be joined in the same complaint, but in different paragraphs, and the plaintiff cannot be required to elect between them. *McDonald* v. *McDonald* (1895), 142 Ind. 55, 41 N. E. 336; *Nordyke & Marmon Co.* v. *Hilborg* (1916), 62 Ind. App. 196, 110 N. E. 684. We see no reason why the same principle should not apply to an affidavit for attachment where the grounds therefor are separately stated.

Finally the appellant contends that the statute which, for certain causes sanctions suit and attachment upon a debt not yet due, does not authorize the personal judgment which the court rendered against him on the second paragraph of the complaint. We think that is true but it must be borne in mind that attachment is merely a provisional remedy incidental to the main action, whereby the debtor's property subject to execution is taken to secure the payment of any judgment that may be rendered in such action. *Boyer* v. *Meeks* (1929), 88 Ind. App. 450, 164 N. E.

501. The statute under consideration is remedial and should be liberally construed. *Dodgem Corp.* v. *D. D. Murphy Shows, Inc.* (1933), 96 Ind. App. 325, 183 N. E. 699, 185 N. E. 169, and although we have found no authority in Indiana that specifically says the existence of any of the specified grounds of attachment authorizing premature suit accelerates the due date of the debt sued on, language used in *Trent* v. *Edmonds* (1904), 32 Ind. App. 432, 70 N. E. 169, would seem to warrant such a conclusion. There the court said: "Under §925 Burns' 1901 (§3-501 Burns' 1946 Replacement) an attaching plaintiff may prosecute his action whether his debt is due or not. . . ." Had the court meant the proceeding in attachment only it would have said so no doubt so we take the word "action" to mean the proceeding to which attachment was merely ancillary. The right to prosecute certainly includes the right to prosecute to final judgment. The main action here involved was *in personam* and the appellant has no reason to complain of the judgment rendered against him.

Judgment affirmed.

NOTE.—Reported in 127 N. E. 2d 344.