TRANSCONTINENTAL CREDIT CORP. *v.* JAMES SIMKIN.

[No. 371A55. Filed January 13, 1972. Rehearing denied February 22, 1972. Transfer denied July 19, 1972.]

*Nathan Nisenbaum, Nisenbaum & Brown,* of Indianapolis, for appellant.

*Ronald S. Lieber, Lieber & Neff,* of Indianapolis, for appellant.

HOFFMAN, C. J.—The primary issue presented in this appeal is whether the judgment of the trial court sustaining defendant's motion to dismiss for lack of jurisdiction was proper.

On November 4, 1969, plaintiff-appellant, Transcontinental Credit Corporation (Transcontinental), filed its complaint on guaranty, affidavit for writ of attachment and affidavit for publication against defendant-appellee James Simkin, a non-resident of Indiana, as individual guarantor of a loan made by Transcontinental to Kingsland Development Co., Inc.

Also, on November 4, 1969, the trial court ordered a notice of the pendency of such action to be published and ordered Transcontinental to post a $20,000 bond for the possession of personal property and real estate. An attachment was then issued on certain real property of defendant-Simkin.

Subsequently, the Marion County Sheriff executed and returned the writ of attachment, and filed an inventory and appraisement and sheriff's notice of attachment or levy. The plaintiff then filed a notice of suit affecting real estate and caused a notice of pendency of the action to be duly published in Marion County, Indiana.

Simkin then appeared by counsel and filed a motion to dismiss alleging that the trial court has no jurisdiction over the person of the defendant, that the plaintiff has no legal standing or right to institute suit in the State of Indiana, and that the

court lacks jurisdiction over the subject-matter.[1] Such motion was sustained by the trial court thus giving rise to this appeal.

The first question presented for our consideration is whether the rules of civil procedure in effect at the time this action was commenced, or the *present* rules of civil procedure should be applied to this appeal. Rule TR. 84, Indiana Rules of Procedure, provides:

> "These rules will take effect on January 1, 1970. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

Here, there is no indication that the application of the present rules would not be feasible or would work injustice. The procedures for instituting the instant case and defenses thereto have been provided in the present rules, and such procedures were substantially complied with by both parties. Further, application of the present rules would not prejudice any rights of either the appellant or appellee in the determination of whether an attachment of appellee-Simkin's property should lie. Therefore, the present Indiana Rules of Procedure will be used to resolve the questions raised in this appeal.

IC 1971, 34-1-11-1, Ind. Ann. Stat., § 3-501 (Burns' 1968), which sets forth the causes for the issuance of an attachment, is as follows:

> "Causes for attachment.—The plaintiff, at the time of filing his complaint, or at any time afterwards, may have an attachment against the property of the defendant, in the cases and in the manner hereinafter stated, where the action is for the recovery of money:
>
> "First. Where the defendant, or one of several defendants, is a foreign corporation or a non-resident of this state;

---

1. See: Rule TR 12(B)(1) and (2), Indiana Rules of Procedure.

"Second. Where the defendant, or one of several defendants, is secretly leaving or has left the state, with intent to defraud his creditors; or,

"Third. So conceals himself that a summons can not be served upon him; or,

"Fourth. Is removing or about to remove his property subject to execution, or a material part thereof, out of this state, not leaving enough therein to satisfy the plaintiff's claim; or,

"Fifth. Has sold, conveyed or otherwise disposed of his property subject to execution, or suffered or permitted it to be sold with the fraudulent intent to cheat, hinder or delay his creditors; or,

"Sixth. Is about to sell, convey or otherwise dispose of his property subject to execution, with such intent. Provided, That the plaintiff shall be entitled to an attachment for the causes mentioned in the second, fourth, fifth and sixth specifications of this section, whether his cause of action be due or not."

To the same effect Rule TR. 64(B)(1), Indiana Rules of Procedure, provides:

"(B) Attachment or attachment and garnishment. Attachment or attachment and garnishment shall be allowed in the following cases in addition to those where such remedies prior to judgment are now permitted by law:

"(1) It shall be a cause for attachment that the defendant or one of several defendants is a foreign corporation, a non-resident of this state, or a person whose residence and whereabouts are unknown and cannot be determined after reasonable investigation before the commencement of the action."

In applying the attachment statutes the courts of Indiana have said that because an attachment action is a statutory *ex parte* proceeding, the statutes providing for such action must be strictly complied with or no rights can be derived thereunder. *United States Capsule Co.* v. *Isaacs* (1899), 23 Ind. App. 533, 55 N. E. 832; *Marnine* v. *Murphy* (1856), 8 Ind. 272.

It is also true, however, that once the stated grounds for attachment are shown the statute should be liberally con-

strued to effect its remedial nature. *Brockhaus* v. *Allen, et al.* (1955), 126 Ind. App. 601, 127 N. E. 2d 344, (transfer denied).

Transcontinental's position is that it has expressly complied with the statutory provisions (§ 3-501, *et seq., supra*) for bringing an attachment action. In both its brief and reply brief, appellant-Transcontinental has sought to persuade this court that the trial court had both jurisdiction of the subject-matter and jurisdiction over the person of defendant-appellee. Appellant contends that jurisdiction over the subject-matter is derived because the pleadings as a whole indicate its intention to file an action for attachment. It also contends that jurisdiction over the person was obtained because an attachment action is an *in rem* action for which publication of notice is sufficient under Rule TR. 4.13, Indiana Rules of Procedure.

The crux of Simkin's argument is that because an attachment is an auxiliary action, it is conditional upon the obtaining of a valid judgment in the main action. Simkin contends that because appellant's complaint on guaranty is seeking a personal judgment, and because he was not personally served, the trial court has no jurisdiction to render judgment on the complaint and the attachment must fail.

Both the Supreme and Appellate Courts of Indiana have held that an attachment action is an ancillary, not an original, form of action. The subsequent sale of attached property is dependent upon a final judgment in the main action in favor of the attaching party. *Whinery, Executrix* v. *Kozacik* (1939), 216 Ind. 136, 22 N. E. 2d 829; *State ex rel. Mason* v. *Miller* (1878), 63 Ind. 475; *Robbins* v. *Alley, et al.* (1872), 38 Ind. 553; *Boyer* v. *Meeks* (1929), 88 Ind. App. 450, 164 N. E. 501.

The problem thus raised by the instant case is whether the right to bring an attachment action against the property of a non-resident held within the State of Indiana is conditioned on a valid right to carry on a personal judgment action against

the person of the defendant, or whether a complaint for recovery of money filed together with an affidavit for attachment is such a proceeding that a claim may be adjudicated and satisfied against the property of a non-resident held within this State.

This issue was discussed by Professor Harvey in 4 Ind. Prac.—Rules of Civ. Proc., at 356-357, as follows:

> "Probably the most important ground for attachment is that which allows proceedings against property of a nonresident. Thus if D has property in Indiana and lives in New York, C can obtain jurisdiction over D to the extent of his property by bringing attachment in Indiana and serving D with notice by publication. *Pennoyer* v. *Neff*, 95 U. S. 714, 24 L. Ed. 565 (1878). *See* Burns' Stat., § 2-807 which provides for notice by publication in such cases. However, unless personal service is given D, D's judgment procured in the attachment action is valid only to the extent of the property attached. Attachment thus is allowed as a means of imparting limited notice of a suit upon the theory that an owner of property will be informed of action affecting his property. Upon this theory a lawyer would be wise to have a nonresident's property attached before notice by publication. *Northern Indiana Ry.* v. *Lincoln Nat'l Bank,* 47 Ind. App. 98, 92 N. E. 384 (1910); *Dodgem Corp.* v. *D. D. Murphy Shows, Inc.,* 96 Ind. App. 325, 183 N. E. 699, 185 N. E. 169 (1932). Where the debtor is a nonresident, attachment and garnishment proceedings likewise may be used to reach obligations owing by, and property in the hands of a third party by service upon the third party. The debtor need not receive personal service, inasmuch as notice to his obligor is calculated to call his attention to the litigation. * * *."

*Pennoyer* v. *Neff* (1878), 95 U. S. 714, 24 L. Ed. 565, to which Harvey refers, was an action to recover possession of a tract of land sold by sheriff's sale resulting from a levy and execution following a personal judgment against a non-resident defendant. Such action was brought under an Oregon statute allowing for personal service of a non-resident defendant by publication. The Supreme Court of the United States, in affirming the trial court's judgment that the sheriff's

sale was erroneous, held that no levy and execution can be maintained where the trial court lacked jurisdiction in the personal judgment action. The Supreme Court of the United States, however, in distinguishing this action from an attachment action which it stated would not have been in violation of due process of law, at 723 of 95 U. S., stated:

> "So the State, through its tribunals, may subject property situated within its limits owned by non-residents to the payment of the demand of its own citizens against them; and the exercise of this jurisdiction in no respect infringes upon the sovereignty of the State where the owners are domiciled. Every State owes protection to its own citizens; and, when non-residents deal with them, it is a legitimate and just exercise of authority to hold and appropriate any property owned by such non-residents to satisfy the claims of its citizens. It is in virtue of the State's jurisdiction over the property of the non-resident situated within its limits that its tribunals can inquire into that non-resident's obligations to its own citizens, and the inquiry can then be carried only to the extent necessary to control the disposition of the property. * * *."

*Brown-Ketcham Iron Works* v. *George B. Swift Co.* (1913), 53 Ind. App. 630, 100 N. E. 584, was an action for recovery of a personal judgment against a foreign corporation. In its reasoning, the court made the following statement at 638-639 of 53 Ind. App., at 587 of 100 N. E.:

> "The question whether service of process had been had on an authorized agent of the appellee could be affected in no way by appellee having or not having money, credits or effects belonging to or due it within the State, but the existence or nonexistence of such money, credits or effects within the State would determine whether the court might, by a supplemental or amended pleading in attachment or garnishment, acquire such jurisdiction of the person as would enable it to proceed to final judgment *in rem*.
>
> \* \* \* \* \*
>
> "There are, however, two ways, by either of which, a person may be deprived of his property and such taking is sanctioned by the law and held not to violate the principle that prevents the taking without due process of law. These two actions are recognized and designated as actions *in*

*personam* and actions *in rem.* While it is true, jurisdiction over the person which will warrant a personal judgment may be obtained only in the way above announced, the court, in an action *in rem* by constructive service upon the person whose property is sought to be affected or taken, may obtain such qualified or limited jurisdiction over the person as will enable it to render a judgment depriving such person of the property over which it has obtained jurisdiction. So, in this case, if the appellee had property in the State of Indiana of any kind or character over which the trial court by a proper action *in rem* could have obtained jurisdiction, such court, in such an action by constructive service upon the appellee, could have obtained such limited or qualified jurisdiction of its person as would authorize a judgment directing the sale and disposition of such property and an application of the proceeds to appellant's debt."

Similarly, in *C. Callahan Co.* v. *Wall Rice, etc. Co.* (1909), 44 Ind. App. 372, 89 N. E. 418, this court stated that suits may be instituted in this State, against foreign corporations, under two conditions: 1) When there is service on a local officer or agent; or 2) when such corporation has property, money, credits or effects belonging to or due such corporation in the county where the suit is brought.

*Dodgem Corp.* v. *D.D. Murphy Shows, Inc.* (1932), 96 Ind. App. 325, 183 N. E. 699, was a "transitory action" in which the plaintiff filed a complaint, affidavit for attachment and bond against the defendant, a traveling show. While defendant was performing in Delaware County, Indiana, the action was instituted and the defendant was served with summons. The trial court entered judgment abating the action, and the plaintiff appealed. On appeal the issues were not tendered so as to allow the court to express its opinion of whether the summons had been properly served and returned, however, the court held that the attachment should lie. At 340 of 96 Ind. App., at 704 of 183 N. E., the court held:

"[T]he uncontradicted evidence is that the appellee did have property within the State and that it was seized by the sheriff of Delaware County and taken into his custody under a writ of attachment, properly and legally issued by

the clerk of the Delaware Superior Court. This was an action for the recovery of money on a contract, the appellee was a foreign corporation. The first subdivision of sec. 981, Burns 1926, expressly provides for such a proceeding. While the provisions of sec. 338 expressly provide for constructive service by publication where the defendant is a foreign corporation and has property in this state or the defendant is a non-resident and the action is one in which the plaintiff is seeking to enforce the collection of a demand by proceedings in attachment."

While the applicable statutes have undergone some legislative changes since these decisions were rendered, the instant action is expressly provided for by the pertinent language of § 3-501, *supra,* as follows:

"Causes for attachment.—The plaintiff, at the time of filing his complaint, or at any time afterwards, may have an attachment against the property of the defendant, in the cases and in the manner hereinafter stated, where the action is for the recovery of money:
"First. Where the defendant, or one of several defendants, is a foreign corporation or a nonresident of this state; ***."

Under this language there are four requirements which must be met for appellant to maintain the instant case: 1) A complaint filed; 2) for the recovery of money; 3) against a non-resident defendant; and 4) owning property in the State of Indiana. Here, these requirements have been met by Transcontinental, therefore, the attachment should lie.

A rule so fundamental that it needs no recitation of authority is that the courts in Indiana have jurisdiction over all property lying within the boundaries of the State. When a complaint is filed against a non-resident owner of property in Indiana, together with an affidavit for attachment, and there can be no personal service of the non-resident defendant,[2] the *in personam* nature of the main

---

2. Assuming the "long arm" statutes do not apply.

action takes the form of an *in rem* action for which publication of notice is sufficient for jurisdiction under Rule TR. 4.13, *supra*. The claim in the main action can be adjudicated and if held valid, can be satisfied against the property, but only to the extent of the value of such property.

Judgment reversed and cause remanded to the trial court for further proceedings not inconsistent with this opinion.

Sharp and Staton, JJ., concur.

NOTE.—Reported in 277 N. E. 2d 374.