REINEKE *v.* NORTHERNER

[No. 17,817. Filed April 4, 1949. Rehearing denied May 24, 1949. Transfer denied November 21, 1949.]

540

*Dillin & Dillin,* of Petersburg, for appellant.

*Jack E. Hayes,* of Washington; and *Carl M. Gray* and *Edward L. Waddle* (of counsel), both of Petersburg, for appellee.

CRUMPACKER, C. J.—At one time the appellant and the appellee were husband and wife. They were divorced on the first day of December, 1939, by judgment of the Daviess Circuit Court which decreed, *inter alia,* "that the care and custody of the infant daughter of the plaintiff and defendant, Maybelle Northerner, born June 16, 1937, be and she is hereby awarded to the defendant." (The appellant herein). Shortly thereafter the appellant married one Edward R. Reineke of Cary, Illinois, and, together with her daughter Maybelle, took up residence in said city where she has since resided with her said husband. On the 6th day of January, 1948, the appellee filed a verified

petition in said Daviess Circuit Court in which he asked that said decree of divorce, insofar as it pertains to the custody of his daughter Maybelle, be modified in that the custody of said child be granted to him. The court fixed the 30th day of January, 1948, for a hearing on this petition and ordered notice to the appellant accordingly. Pursuant to this order the clerk of the Daviess Circuit Court, omitting caption and signature, issued the following notice:

"You are hereby notified that Harold W. Northerner has filed his petition in the Daviess Circuit Court of Daviess County, Indiana, asking that you be ordered to appear in said Court and show cause why the order heretofore made on December 1, 1939, should not be modified and plaintiff in the above entitled cause be granted the care and custody of the infant child to this union, Maybelle Northerner, born June 16, 1937.

"Now you are ordered by the Daviess Circuit Court of Indiana to appear in said Court at 9 A. M. on the 30th day of January, 1948, and show cause why the order heretofore made on December 1, 1939, should not be modified as requested above."

On the 9th day of January, 1948, said notice was returned to the clerk of the Daviess Circuit Court with the following endorsement:

"State of Illinois, County of McHenry, SS:

"I have duly served the within by delivering a true copy thereof personally to Aline Reineke, RFD No. 1, Cary, Illinois.

Fred C. Bau, Sheriff,
"By /s/ Lyle R. Hutchinson, Deputy."

The appellee's petition came on for hearing January 30, 1948, and upon the appellant's failure to appear she was called and defaulted in due course. After

such default the appellee was permitted to amend his petition by interlining the following allegation: "That the said defendant Aline Reineke is not a fit and proper person to have the care and custody of said child, Maybelle Northerner." The court thereupon proceeded to hear said amended petition and at the conclusion thereof entered the following order: "It is, therefore, considered, ordered and adjudged by the court that the order heretofore entered herein with respect to the custody of Maybelle Northerner, born June 16, 1937, be modified in this, to-wit: that the plaintiff Harold W. Northerner is hereby granted the care and custody of Maybelle Northerner, the child of the parties, until the further order of the court herein." Shortly thereafter the appellant filed a complaint in the Daviess Circuit Court against the appellee in which she alleges facts substantially as we have set them out above and asks that said judgment of January 30, 1948, be declared void and set aside. A demurrer was sustained to this complaint and upon the appellant's refusal to plead over judgment was rendered accordingly. The appellant contends that this was error because the facts admitted by the demurrer show that when the court entered the judgment in question (1) it had no jurisdiction over the subject matter of the litigation; and (2) it had no jurisdiction over the person of the appellant.

Perhaps the most important question presented by this appeal involves the jurisdiction of the court over the subject matter when it entered the judgment which is the subject of this controversy. In this connection the appellant contends, with the support of decisions from New York, Texas and Georgia, that the relation of parent and child is a civil status, peculiar to the jurisdiction of the state wherein they are domiciled and beyond the power of another state to change or

regulate. Therefore when a parent, who has been given the uninhibited custody of an infant child by divorce decree, establishes legal residence in another state, the latter state alone has jurisdiction to control and regulate such relationship. The states so holding seem to regard the efforts of the foreign court, originally fixing the custody of the child, to continue its jurisdiction after the child, through its parent, has acquired a new domicile in another state, as an officious intermeddling with a matter in which it has no concern. *People ex rel. Campbell* v. *Dewey* (1898), 23 Misc. 267, 50 N. Y. S. 1013. These decisions, however, have their origin in a situation in which a litigant, seeking to enforce a judgment of his own state, brings himself in direct conflict with the laws of the state at whose hands he seeks relief. We have no such question before us and we are not now concerned with the enforcibility of the judgment in suit. All we are called upon to decide in this connection is—did the Daviess Circuit Court have jurisdiction of the subject matter when it rendered the judgment in controversy? A negative answer means that a divorced parent, to whom the custody of a child of the parties has been entrusted, can deprive the court, which granted the divorce and fixed such custody, of all further jurisdiction to protect the interests of its ward through the simple expedient of moving across a state line. We cannot subscribe to such a doctrine.

The generally accepted rule in Indiana is beyond controversy. "The court granting the divorce must be deemed to have full and continuing jurisdiction, during the minority of such children, to make from time to time such orders and modifications thereof, with respect to their care, custody, and control, as are deemed expedient; the interests of society and welfare of the children, in all such in-

quiries, being the paramount and controlling consideration." *Stone* v. *Stone* (1902), 158 Ind. 628, 64 N. E. 86. See also *Duckworth* v. *Duckworth* (1932), 203 Ind. 276, 179 N. E. 773. We recognize the difficulties that may arise in enforcing a modified order made after the parent, to whose custody a child has been entrusted, has established residence in another state but we do not recognize the lack of jurisdiction of the court to make the order. The great weight of authority in America sanctions the continuing jurisdiction of the court which decreed the divorce and provided for the child of the marriage, to alter and modify its judgment as to the custody of said child even in the absence of the parent or the child from its territorial jurisdiction. 27 C. J. S., Divorce, § 322 and cases cited in Notes 95 and 96; see Case Note 70 A. L. R. 526 and cases cited. Regardless of the difficulty of enforcing said modified decree extra-territorially, the court's jurisdiction to make it must be recognized in the state of its origin. In the present case the appellant asked the Daviess Circuit Court to repudiate its own jurisdiction over the subject matter of the litigation solely because the infant involved is now domiciled in Illinois. This, in our opinion, the court properly refused to do.

This brings us to a consideration of whether or not the court had acquired jurisdiction of the person of the appellant when the disputed order was made. The appellant makes no contention that she did not have actual and adequate notice of the proceeding to modify the custody order but she rests her case on the proposition that such proceeding was a new and independent action and that she was not brought into court in any manner provided by the civil code. The fallacy of this contention is that it is based on the false premise that the appellee's peti-

tion to modify the custody order constituted a new and independent action. This question was settled by this court in the case of *Julian* v. *Julian* (1916), 60 Ind. App. 520, 111 N. E. 196, wherein we said:

"When the parties to the divorce proceeding submitted themselves to the jurisdiction of the Hancock Circuit Court they are charged with knowledge of the fact that the court would make such order for the support of the minor children as the conditions of the parties then warranted, and that as the conditions might change the court would on proper motion make such order as the changed conditions would justify and once having submitted themselves to the jurisdiction of such court, that *jurisdiction continued* with reference to all such motions as the one under consideration." (Emphasis supplied).

It is apparent that the Daviess Circuit Court acquired jurisdiction over the person of the appellant when the appellee brought suit for divorce and she came into court seeking and obtaining custody of her infant child. The petition to modify the custody order being but an incident to the original proceeding, the court never lost its jurisdiction over the person of the appellant for such purpose. All the law required, under the circumstances, was that she receive reasonable notice of the proposed hearing wherein the court's decree pertaining to the custody of her child might be modified. Nowhere in her complaint does she allege that she had no such notice.

The appellant next contends that even though she had sufficient notice of the appellee's petition, as originally filed, and of the proposed hearing thereon, such notice went for naught when the court permitted the petition to be amended after default by the interlineation of the allegation that she is unfit to have the custody of her child and then pro-

ceeded to hear and determine the matter without further notice. There might be merit in this contention if the appellant's right to the custody of her child depended wholly upon her fitness for the task. Such however is not the sole test. The court's primary duty is to do that which is in the best interests and for the welfare of the child and a discharge of that duty may very well require the denial of custody of such child to a parent who is wholly fit and proper. It is evident that the court's decision was not predicated upon the unfitness charge as it made no finding to that effect. We therefore conclude that the court regarded the allegation as immaterial and being immaterial no substantial right of the appellant was prejudiced by the amendment.

Judgment affirmed.

NOTE.—Reported in 84 N. E. 2d 900.