SANDRA LOU MUELLER *v.* THOMAS H. MUELLER.

[No. 771S200. Filed October 12, 1972.]

*Maurice A. David, Sharpnack, Bigley & David,* of Columbus, for appellant.

*Thomas N. Mote, Dalmbert, Pushor, Mote & Schug,* of Columbus, *Richard R. Donnelly,* of counsel, of Nashville, for appellee.

HUNTER, J.—This is an appeal by Sandra Lou Mueller, appellant, from a default judgment awarding custody of two minor children to Thomas H. Mueller, appellee and former husband of the appellant.* This Court has jurisdiction in this cause per IC 1971, 33-3-2-7, (Ind.

* This case was reassigned to this office on August 14, 1972.

Ann. Stat. § 4-214 [1968 Repl.]) and the fact that the appeal was filed prior to January 1, 1972 (at which time the above mentioned statute was repealed). The fifteenth clause of that section provided that all appeals from judgments in which an award was made concerning the permanent care and custody of a minor child or minor children would be taken directly to the Supreme Court of Indiana.

The general issue involved in this appeal is whether the trial court erred in overruling appellant's motion to dismiss based on insufficiency of service of process under TR. 12(b) (5).

The action concerns a petition to modify a divorce decree brought by appellee, Thomas H. Mueller to obtain from his former wife, Sandra Lou Mueller, appellant, the custody of two minor children. The original decree of divorce was entered December 28, 1964, and this petition to modify was filed on February 17, 1970. On that date summons was issued by the Clerk for service by the Sheriff of Bartholomew County. Sandra Lou Mueller could not be found, however, and the Sheriff was unable to make personal service upon her. The summons which was simultaneously sent by First Class Mail was returned by Sandra Lou Mueller's parents accompanied by a letter stating that Sandra Lou Mueller had become a legal resident of another state as of February 16, 1970, and that no further information was presently available. Thomas H. Mueller then filed a praecipe for service by publication on March 9, 1970, accompanied by an affidavit stating that he had made a diligent search for Sandra Lou Mueller but had been unable to locate her, and that she had left the State of Indiana and had concealed her whereabouts. Notice was then published in "The Republic," a newspaper published in Bartholomew County. On April 23, 1970, Sandra Lou Mueller, by counsel filed a motion to dismiss under TR. 12(b) (5) alleging insufficiency of service of process. Argument was heard on the motion and it was overruled on May 8, 1970. A motion to reconsider was filed June 5, 1970, and overruled on June 10,

1970. On July 1, 1970, a hearing was held on the merits of Thomas H. Mueller's petition to modify the original decree. Sandra Lou Mueller was neither present in person nor by counsel. Evidence was heard and the court entered judgment awarding custody of the two minor children to Thomas H. Mueller. A motion to correct errors was filed and after hearing argument upon it and the occurrence of several other delays, the trial court overruled the motion to correct errors on April 9, 1971, and this appeal followed.

The basis of Sandra Lou Mueller's argument is not entirely clear but she apparently asserts that service of process by publication could not be used in this instance. She argues that, although the Petition to Modify was filed after the effective date of the new rules (The new rules having gone into effect on January 1, 1970, and the petition having been filed February 17, 1970), the provisions for publication pursuant to TR. 4.4(A)(7) and 4.4(B) nevertheless do not apply in this instance because their marriage was terminated in a court action in 1964, and thus prior to the effective date of the new rules.

TR. 84 reads:

> "These rules will take effect on January 1, 1970. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

This action should be characterized as an action still pending. IC 1971, 31-1-12-15 (Ind. Ann. Stat. § 3-1219 [1968 Repl.]) provides that the court granting the original divorce decree shall make provisions for the custody of the minor children, and that the jurisdiction over the children shall remain in that court at all times during the minority of the children. Thus, the original custody decree was not a final judgment but one by which the court retained jurisdiction in case changed circumstances indicated a need

to modify the original decree, and the custody decree becomes an "action then pending" under TR. 84. The new rules still apply in such an instance unless this "would not be feasible or would work an injustice." See, *Transcontinental Credit Corp.* v. *Simkin* (1972), 150 Ind. App. 666, 277 N. E. 2d 374.

Appellant makes no allegation that the use of the new rules is not feasible nor does she claim their use would work an injustice. She contends, however, that "notice" is a substantive right and therefore cannot be given retroactive effect. Appellant cites *State ex rel. Red Dragon Diner, Inc.* v. *Superior Court of Marion County* (1959), 239 Ind. 384, 385, 158 N. E. 2d 164, 165, wherein it is stated:

> "Notice, giving a defendant opportunity to be informed regarding the nature of the action and reasonable opportunity to make a defense, is an essential element of due process."

She then cites *Knutson* v. *State ex rel. Seberger* (1959), 239 Ind. 656, 157 N. E. 2d 469, reh. den. 160 N. E. 2d 200, for the general proposition that retrospective laws are unconstitutional if they disturb or destroy existing vested rights. We agree that "notice" is a fundamental right of due process. However, this does not necessarily mean that the *form* of the notice cannot be altered if it meets the requirements of due process.

> "An elementary and fundamental requirement of due process in any proceeding . . . is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . The notice must be of such nature as reasonably to convey the required information . . . and it must afford a reasonable time for those interested to make their appearance. . . . But if with due regard for the practicalities and pecularities of the case these conditions are reasonably met, the constitutional requirements are satisfied." *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314-315.

This doctrine was further refined in *Walker* v. *City of Hutchinson* (1956), 352 U.S. 112. The case involved condemnation proceedings in which the only notice given was by publication. This was reversed by the Supreme Court of the United States. In an opinion by Justice Black the Court held that the newspaper publication alone was not adequate notice as required by due process, where the owner's name was known to the condemning city and was on the official records. However, Black there stated:

> "In Mullane v. Central Hanover Bank & Trust Co. . . . we gave thorough consideration to the problem of adequate notice under the Due Process Clause. That case establishes the rule that, *if feasible,* notice must be reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests. We there called attention to the impossibility of setting up a rigid formula as to the kind of notice that must be given; *notice required will vary with circumstances and conditions.* We recognized that *in some cases it might not be reasonably possible to give personal notice, for example where people are missing* or unknown." (our emphasis) 352 U.S. at 115-116.

In *McDonald* v. *Mabee* (1917), 243 U.S. 90, 92, the United States Supreme Court stated:

> "To dispense with personal service the substitute that is most likely to reach the defendant is the least that ought to be required if substantial justice is to be done."

Thus, it can be seen that the notice should be such as is reasonably calculated to inform defendant of the pending proceedings. In making this determination we must decide whether the best method possible has been utilized. A certain method is sufficient if no other method better calculated to give notice is available but is insufficient if another method obviously better calculated to give notice is available. See 1 Harvey, Indiana Practice pp. 404-405.

TR. 4.4 reads in part:

"(A) Acts serving as a basis for jurisdiction. Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:

. . .

(7) living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations arising from an Indiana judgment for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in the state. (*)

(B) Manner of service. A person subject to the jurisdiction of the courts of this state under this rule may be served with summons:

(1) As provided by Rules 4.1 (service on individuals), 4.5 (service upon resident who cannot be found or served within the state), 4.6 (service upon organizations), 4.9 (in rem actions) . . .

The trial court has jurisdiction of this cause as stated in TR. 4.4(A)(7) and thus, TR. 4.4(B), allows the appellee in this cause to use personal service, service by certified mail, or service by publication. The question then is whether the appellee used the best notice possible under the circumstances, and it is only in this way that the form of notice becomes a matter of concern. Appellant has failed to address herself to this issue.

However, from a study of the record it is clear that notice by publication was the best notice possible in this case. Appellant first attempted to make personal service upon the appellant but was unsuccessful. The accompanying summons sent by first class mail was returned by appellant's parents with a letter stating appellant had left the state and that no forwarding address was available. This clearly indicates that service by means of certified mail would be futile since there was no known address at which appellant

---

* TR. 4.4(A)(7) was amended effective Jan. 1, 1971, by removing the words "arising from an Indiana judgment."

could be reached. The appellee then and only then availed himself of service by publication. This was accompanied by a sworn affidavit stating that *he had made a diligent search for the appellee but had been unable to locate her, and that she had left the state and concealed her whereabouts.* There is absolutely no evidence in the record indicating any facts contrary to the statements made in the affidavit. In fact, months after notice by publication was given, appellee was still attempting to discover appellant's whereabouts. Thus, the *only* method for the appellee to reasonably make service of process in this case was by means of publication. The newspaper used in this case was the one most likely to convey notice to appellant. With no information at all as to her whereabouts, the newspaper in the county of her last known domicile was the one most likely to be seen by her or by someone who would be in contact with her. *Dobkin* v. *Chapman* (1968), 21 N. Y. 2d 490, 236 N. E. 2d 451, involved three cases arising from automobile accidents in New York. In two of the cases the defendants were domiciled in New York while in the other they were domiciled in another state. In each case the whereabouts of the defendants were unknown and it was thus impossible to give actual notice. In each case the plaintiff was permitted to proceed after having given notice in a form prescribed by the court, in one case being by publication in a local newspaper and in another by mailing the process to the last known address of defendants. The New York Court of Appeals affirmed and held that the plaintiffs should not be deprived of their rights after having done all that they could to inform the defendants. These were considered "situations in which insistence on actual notice, or even on the high probability of actual notice, would be both unfair to plaintiffs and harmful to the public interest." 21 N. Y. 2d at 503, 236 N. E. 2d at 458. Thus, in the case at bar, even if notice had not reached appellant, the service of process would have been sufficient.

As indicated by the cases, notice is required but the form

which the notice takes is not static and varies as the circumstances demand. It is notice itself which is the right given appellant by the Due Process Clause and of which appellant cannot be deprived. The *form* of the notice is entirely dependent on the circumstances.

Appellant also seems to claim that TR. 4.4(A)(7), which gives courts in this state personal jurisdiction over a party where their marital domicile was here and the action concerns their marital relationship, became effective after her marriage with appellee had ended and therefore personal jurisdiction could not be obtained via this rule because she had not been living in the marital relationship at any time since the effectuation of the rule. However, although the rule was new, the principle upon which it is based is not. In this case, TR. 4.4 (A) (7) is merely a codification of prior case law. The case of *Reineke* v. *Northerner* (1949), 119 Ind. App. 539, 84 N. E. 2d 900, involved facts very similar to the case at bar. The court there quoted *Julian* v. *Julian* (1916), 60 Ind. App. 520, 525, 111 N. E. 196, 198, wherein it was said:

> "When the parties to the divorce proceeding submitted themselves to the jurisdiction of the Hancock Circuit Court they are charged with knowledge of the fact that the court would make such order for the support of the minor children as the conditions of the parties then warranted, and that as the conditions might change the court would on proper motion make such order as the changed conditions would justify and once having submitted themselves to the jurisdiction of such court, that *jurisdiction continued* with reference to all such motions as the one under consideration." (emphasis supplied in *Reineke*) 119 Ind. App. at 546, 84 N. E. 2d at 902.

Holding that there was personal jurisdiction over appellant, the court in *Reineke* stated:

> "It is apparent that the Daviess Circuit Court required jurisdiction over the person of the appellant when the appellee brought suit for divorce and she came into court seeking and obtaining custody of her infant child. The petition to modify the custody order

being but an incident to the original proceeding, the *court never lost its jurisdiction over the person of the appellant for such purpose."* (our emphasis) 119 Ind. App. at 546, 84 N. E. 2d at 902.

Thus, it is clear that even without considering TR. 4.4 (A) (7), jurisdiction over the person of appellant was retained for the purpose of modifying the custody decree. Since service of process was sufficient in this case, the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 287 N. E. 2d 886.