CLEO RUTH BROWN, A.K.A. CLEO RUTH VONSILD, APPELLANT, v. HARVEY O. VONSILD, RESPONDENT.

No. 7706

October 23, 1975                          541 P.2d 528

*Breen, Young, Whitehead & Hoy, Chartered,* and *Richard Bennett,* Reno, for Appellant.

*A. D. Jensen,* Reno, for Respondent.

## OPINION

*Per Curiam:*

The principal issue presented for our consideration in this appeal is whether the 6-year statute of limitations applicable to child support installments was tolled under the provisions of NRS 11.300 by the absence of the defendant husband from the State of Nevada, where the district court that granted the divorce decree retained jurisdiction over the parties for the purpose of entering any further orders regarding the care, custody, and support of their children.

This separate, independent action was commenced on April 15, 1970, in the Second Judicial District Court in and for the County of Washoe, wherein appellant, Cleo Ruth Brown, also known as Cleo Ruth Vonsild, hereinafter referred to as Wife, sought a judgment against respondent, Harvey O. Vonsild, hereinafter referred to as Husband, in the principal sum of $13,920, plus interest amounting to $8,791, totaling $22,711, for arrearages in child support installments due and owing by Husband to Wife under the terms of an order issued by the Sixth Judicial District Court in and for the County of Humboldt. The court below held that, under the facts presented, NRS 11.300 did not toll the 6-year statute of limitations and that the said statute barred recovery of any installments prior to April 15, 1964.

On July 12, 1950, Wife was granted a decree of divorce. Husband appeared by appearance and waiver. The decree approved and ratified a written agreement of the parties where Wife was given custody of the parties' three children and Husband agreed to pay Wife $50 per month per child for a total sum of $150 per month for the children's support. Thereafter, Husband failed to make the aforementioned child support payments, and Wife brought a contempt proceeding in the Sixth Judicial District Court. Husband retained John H. Mathews as counsel, who appeared as his attorney of record in the proceedings.[1] The parties, through their counsel, settled their difficulties by stipulation, which was approved by the Sixth Judicial

---

[1] John H. Mathews became a municipal court judge on June 1, 1964; a position he still holds, although he remains attorney of record for Husband in the original divorce proceedings.

District Court on December 13, 1954.[2] Husband failed to comply with the terms of that order regarding payment of child support.

Fifteen years and four months later, on April 15, 1970, Wife filed the instant action in the Second Judicial District Court in and for Washoe County, seeking arrearages in child support installments.[3]

The parties stipulated in the court below that Lawrence Vonsild was emancipated in August 1965 when he entered the service and that Nikki was emancipated on December 30, 1964, when she attained the age of 18 years.

Husband had resided in California since 1955. He visited his mother, who resided in Reno, several times annually until her death in 1968. The evidence is conflicting as to whether Wife knew of Husband's whereabouts during the 15-year period or made any attempt to locate him.

The district judge, in holding that the 6-year statute of limitations was applicable to the instant case, ruled that the statute

---

[2]The parties further stipulated as follows:

"3. That the defendant shall faithfully make to the plaintiff the aforesaid payments of Thirty ($30.00) Dollars per month per child without fail as long as said defendant is able to make said payments. In the event said defendant is unable to make the entire payment of Sixty ($60.00) Dollars per month, he will make as much of the said payment as he is financially able to do. In the event the defendant is unable to make the entire Sixty ($60.00) Dollars per month payment, the delinquent amount or amounts shall be paid as soon as the defendant is financially able to do so; and further, the defendant, for each month that he is unable to make the full monthly payment, will advise the attorney for the plaintiff of the reasons for his inability to make the payment or any part hereof, and further advise said attorney for plaintiff of his present whereabouts, and upon request, will submit substantiating evidence of his inability to pay.

"4. Upon the faithful performance of all of the covenants and agreements provided herein for a period of two (2) years from the date hereof, the unpaid support payments in the approximate sum of Six Thousand ($6,000.00) Dollars due plaintiff from defendant will be deemed discharged and paid in full."

(No support payments were provided for Linda Michele, as she was adopted by Wife's parents.)

[3]Wife sought the following sums:

(1) $6,000 plus interest at the legal rate from December 10, 1954 (pursuant to the order entered by the Sixth Judicial District Court on December 13, 1954);

(2) $3,600 plus interest at the legal rate from December 10, 1964 (as and for arrearages in child support for Nikki Vonsild, a minor child of the parties); and

(3) $4,320 plus interest at the legal rate from December 10, 1966 (as and for arrearages in child support for Lawrence Vonsild, a minor child of the parties).

commenced to run against each installment as it became due. The court found that the statute was not tolled, because Husband was continuously subject to service in the original divorce proceedings in the Sixth Judicial District.[4] We agree with the ruling of the court below.

The court further found that judgment should be entered in favor of Wife in the sum of $405 as child support payments for Lawrence Vonsild and the sum of $255 as child support payments for Nikki Vonsild, for a total judgment of $660.

It is from the court's determination that the statute of limitations had not been tolled under the provisions of NRS 11.300[5] and that the 6-year statute of limitations under NRS 11.190, subsection 1(a),[6] barred recovery for any installments prior to April 15, 1964, that this appeal is taken.

---

[4]The district judge made the following findings of fact:

"16. That the six-year statute of limitations under NRS 11.190, applicable to judgments, is applicable to the instant case, and such statute of limitations commences to run against each installment as it becomes due.

"17. That the defendant was under the jurisdiction of the Sixth Judicial District Court and was continuously liable to service during the entire period in question, and under these circumstances, the statute of limitations was not tolled pursuant to NRS 11.300.

"18. Accordingly, only those child support installments due and owing by April 15, 1964, are due and payable to plaintiff from defendant; that since Lawrence Vonsild was emancipated in August of 1965, there is due and owing to the plaintiff as and for his child support payments, the sum of $30.00 per month from April 15, 1964, through July 31, 1965, in the total sum of $405.00; that there is due and owing to plaintiff from the defendant as and for child support payments on behalf of Niki [sic] Vonsild the sum of $30.00 per month from April 15, 1964, to December 30, 1964, the date on which she reached the age of majority [,] in the total sum of $255.00."

Based on the foregoing findings and facts, the court held in its conclusions of law:

"3. That although defendant was a resident of the State of California from November, 1955, up to and including April 15, 1970, the date upon which this action was instituted, the statute of limitations has not been tolled, under the circumstances of this case, pursuant to NRS 11.300."

[5]NRS 11.300:

"If, when the cause of action shall accrue against a person, he be out of the state, the action may be commenced within the time herein limited after his return to the state; and if after the cause of action shall have accrued he depart the state, the time of his absence shall not be part of the time prescribed for the commencement of the action."

[6]NRS 11.190, subsection 1(a):

"Actions other than those for the recovery of real property, unless further limited by NRS 11.205 or by or pursuant to the Uniform Commercial Code, can only be commenced as follows:

Wife could have obtained a judgment for arrearages under the provisions of NRS 125.180,[7] which provides that application for such a judgment shall be upon notice to the husband as the court may direct. No steps were taken by Wife to secure a judgment. Rather, 5 years after the two children had either reached majority or become emancipated, Wife filed this original complaint in district court. Husband was effectively and continuously subject to the jurisdiction of the court in the original divorce proceedings. He was, for purposes of judgment, before the district court, subject only to such notice as the court might have directed. Wife had only to make application for judgment predicated on the arrearages then due. Husband's absence did not deprive her of a remedy. Such a judgment for arrearages would have effectively extended the statute as to that judgment an additional 6 years.

We conclude, as did the district judge, that the 6-year statute of limitations was applicable in the instant case and that it was not tolled by the absence of Husband under the provisions of NRS 11.300, *supra.*

The judgment of the lower court is affirmed.

---

"1. Within 6 years:

"(a) An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States."

[7]NRS 125.180:

"1. Where the husband, in an action for divorce, makes default in paying any sum of money as required by the judgment or order directing the payment thereof, the district court may make an order directing entry of judgment for the amount of such arrears, together with costs and disbursements not to exceed $10 and a reasonable attorney's fee.

"2. *The application for such order shall be upon such notice to the husband as the court may direct.*

"3. The judgment may be enforced by execution or in any other manner provided by law for the collection of money judgments.

"4. The relief herein provided for is in addition to any and every other remedy to which the wife may be entitled under the law." (Emphasis added.)