**Myra (Harper) WEBER, Appellant (Plaintiff Below),**

v.

**Joseph Robert HARPER, Appellee (Defendant Below).**

No. 3–185 A 16.

Court of Appeals of Indiana, Third District.

Aug. 15, 1985.

James J. Shea, Vern E. Sheldon, Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, for appellant.

Paul B. McNellis, Christine A. DeSanctis, Bonahoom, Chapman, McNellis & Michaels, Fort Wayne, for appellee.

HOFFMAN, Judge.

Appellant-plaintiff Myra Weber (Weber) appeals an order dismissing her petition for modification of prior support orders, entered in favor of appellee-defendant Joseph Harper (Harper). Weber's petition requested payment of educational expenses for the parties' college age son and a determination of support arrearages. Harper based his motion to dismiss the petition on the grounds that the court no longer had subject-matter jurisdiction over the proceeding or personal jurisdiction over Harper. Further, Harper alleged that Indiana was an inconvenient forum and that Indiana substantive law should not be applied to the proceeding.

The facts, upon which the parties are in apparent agreement, disclose that the Allen County Superior Court granted a decree of absolute divorce dissolving the marriage of Myra Weber and Joseph Harper in 1969. Weber was awarded custody of the parties' minor son and Harper was ordered to pay weekly child support to the Clerk of the Allen Superior Court. In 1971 the same court permitted Weber to move to Atlanta, Georgia with the child. Harper filed a petition for abatement of child support in 1972 after Weber moved with the child to California prior to seeking court approval. The court approved the move and denied the petition.

In 1976 Harper moved to Texas. A few months later the parties, then both residing outside of Indiana, reached an agreement increasing Harper's child support payments. The agreement was adopted by the court.

Weber then filed the petition for modification and determination of arrearages which is the subject of this appeal. Pursuant to Harper's motion to dismiss and after hearing oral argument on the motion, the court dismissed the petition and later issued a nunc pro tunc order to that effect.

Although the record submitted to this Court does not contain a transcript of the oral hearing on the motion, the parties are in agreement as to the court's findings. The nunc pro tunc entry by the court stated:

"The Court being advised that order of the Court was not entered on oral argument for motion to dismiss, the Court now Nunc Pro Tunc enters an order effective date of oral argument on August 2, 1984, that motion to dismiss is granted.

Motion to dismiss petition heretofore filed is now approved and petition is dismissed at plaintiff's cost."

As restated and consolidated, the issues presented for review are:

(1) whether the Allen Superior Court erred in dismissing Weber's petition for modification and determination of child support arrearages, based upon lack of personal and subject-matter jurisdiction;

(2) whether the forum non conveniens doctrine was properly applied in dismissing Weber's petition; and

(3) whether Indiana substantive law should apply to the proceeding.

Because the trial court was presented with no questions of fact, the appropriate standard for review is whether the trial

court erred in its application of the law. *Ind. & Mich. Elec. Co. v. Terre Haute Indus.* (1984), Ind.App., 467 N.E.2d 37.

In challenging the trial court's determination that it could not exercise personal jurisdiction over Harper, Weber directs this Court's attention to Ind.Rules of Procedure, Trial Rule 4.4(A)(7) which was relied upon by Harper. The rule states:

"(A) Acts Serving as a Basis for Jurisdiction. Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:

   *    *    *    *    *    *

(7) living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations for alimony, custody, child support, or property settlement, *if the other party to the marital relationship continues to reside in the state.*" (Emphasis added.)

Weber correctly asserts that T.R. 4.4(A)(7) is a method of acquiring in personam jurisdiction over a non-resident party or absent party when commencing an original action. Consequently, the rule is inapplicable to the instant case in that both parties resided in Indiana when the divorce proceedings were commenced.

Once a court grants a dissolution, it retains continuing jurisdiction and power to order modification of child support during the minority of the child. *Brokaw v. Brokaw* (1980), Ind.App., 398 N.E.2d 1385. Moreover, in *Mueller v. Mueller* (1972), 259 Ind. 366, 287 N.E.2d 886, our Supreme Court determined that consideration of 4.4(A)(7) was not necessary when a court modified its previous custody order because the court retained personal jurisdiction over the parties once acquired. Therefore, the Allen Superior Court retained personal jurisdiction over Harper in the instant case.

Similarly, once the trial court entered the original decree of dissolution and order awarding custody and support, subject-matter jurisdiction remained with that court during the child's minority. *Hiland v. Hiland* (1984), Ind.App., 467 N.E.2d 1253.

A determination that the court actually retained both personal and subject-matter jurisdiction does not complete the inquiry. Even had the trial court determined that it possessed jurisdiction, the doctrine of forum non conveniens would still allow dismissal of the action. *See, Hepner v. Hepner* (1984), Ind.App., 469 N.E.2d 780. The trial court's determination that Indiana was not the most convenient forum, may only be reviewed for an abuse of discretion. *Killearn Prop. Inc. et al. v. Lambright et al.* (1978), 176 Ind.App. 684, 377 N.E.2d 417.

Ind.Rules of Procedure, Trial Rule 4.4(C) states:

"(C) More Convenient Forum. Jurisdiction under this rule is subject to the power of the court to order the litigation to be held elsewhere under such reasonable conditions as the court in its discretion may determine to be just.

In the exercise of that discretion the court may appropriately consider such factors as:

(1) Amenability to personal jurisdiction in this state and in any alternative forum of the parties to the action;

(2) Convenience to the parties and witnesses of the trial in this state in any alternative forum;

(3) Differences in conflict of law rules applicable in this state and in the alternative forum; or

(4) Any other factors having substantial bearing upon the selection of a convenient, reasonable and fair place of trial."

The rule provides a framework for determining whether a forum, other than Indiana would be more appropriate. The first factor the court should consider is amenability to personal jurisdiction. Further, in *Piper Aircraft Co. v. Reyno* (1981), 454

U.S. 235, 102 S.Ct. 252, 90 L.Ed.2d 419, the United States Supreme Court stressed that when invoking the forum non conveniens rule, care should be taken not to leave the plaintiff remediless. Impliedly, a court should consider whether an alternate forum could obtain both personal and subject-matter jurisdiction, prior to dismissing the plaintiff's petition or cause.

In the present case Harper admits that Weber may be unable to acquire personal jurisdiction over him in California. Harper also admits that Texas, the other jurisdiction which he considers more convenient, may refuse to hear Weber's petition on the merits.[1] Although Harper's forum non conveniens grounds for dismissal appears attractive because neither party currently resides in Indiana, upon closer examination and as Harper admits in his brief, dismissal in Indiana may leave Weber remediless. Thus, Weber's petition should not have been dismissed pursuant to the forum non conveniens doctrine.

■ Finally, Weber contends that Indiana law is applicable to the modification proceeding. By her petition, Weber requested modification of an existing Indiana support order and determination of arrearages due to Harper's failure to comply with that order. Indiana courts have inherent power to enforce their judgments. *Linton v. Linton* (1975), 166 Ind.App. 409, 339 N.E.2d 96. As previously noted, modifications of existing child support orders are continuing proceedings, with retention of jurisdiction over the matter by the trial court. *Brokaw, supra; Linton, supra.* Therefore, Indiana law continues to apply to the proceedings.

The order of dismissal is reversed and the cause remanded to the lower court for a determination on the merits.

Reversed and remanded.

STATON, P.J., and GARRARD, J., concur.

---

**1.** Texas presumes that child support orders may not be enforced after the child attains the age of eighteen. *See,* Texas Family Code Ann. Sec. 14.05 (Vernon Supp.1985) and Vernon Tex.Ann. Civ.St. Art. 4639 (1972). *See also, Ex parte Thomas* (1981), Civ.App., 609 S.W.2d 829, (delinquent child support payments may not be enforced through contempt proceedings after child reaches age eighteen).