**Janis Latrelle HATON, Appellant– Petitioner,**

v.

**Steven Lester HATON, Appellee– Respondent.**

No. 49A02–9606–CV–330.

Court of Appeals of Indiana.

Nov. 7, 1996.

Transfer Denied March 24, 1997.

C. Robert Rittman, Preston Osborn, Marion, for Appellant–Petitioner.

Michael J. Hebenstreit, Hebenstreit & Moberly, Indianapolis, for Appellee–Respondent.

## OPINION

FRIEDLANDER, Judge

Janis Latrelle Haton (Parsons) [Latrelle] appeals from an order of the Marion Superior Court denying her petition to determine and reduce delinquent child support to judgment on the basis that the claim was brought outside the period of limitations.

We affirm.

The facts most favorable to the judgment are that the parties were divorced on July 8, 1970 by decree entered by the Marion Superior Court. The parties had one child, Amy Suzette Haton, born August 11, 1969, during the course of the marriage. Steven Lester Haton was ordered to pay $20.00 per week for Amy's support.

Sometime after the divorce, Steven stopped making child support payments, moved out of state, and maintained no contact with Latrelle or Amy. Latrelle subsequently married Robert Parsons, and, in 1979, Parsons sought to adopt Amy. Notice of the adoption proceedings was effected by publication. On October 14, 1979, Parsons adopted Amy. Latrelle made no effort to contact Steven or to collect the child support arrearage from the time of the adoption until 1995, when she met someone who was employed by Child Support Services of Indiana,

Inc., an agency which collects child support on a contingency-fee basis. Latrelle filed her petition in this case on July 13, 1995, more than fifteen years after the last child support payment became due.

At the hearing held before the trial court, the parties stipulated that the child support arrearage was $9600.00. Latrelle also sought interest on that amount and attorney fees.

Latrelle testified at the hearing that Steven had consistently made his child support payments until the payments suddenly stopped. She claimed that, at that point, she tried unsuccessfully to locate Steven by calling his previous employers, his parents, and mutual friends. When asked if she made any effort to contact Steven at the time of the adoption, Latrelle testified that she was not in touch with any of Steven's relatives and that service was effected by publication.

Steven testified that, at one point after the divorce, he fell one week behind on his child support obligation, and Latrelle sent a sheriff to his house. According to Steven, he and Latrelle met to discuss the situation, and Latrelle told him that she did not need nor want him or his money and that she and Amy could do quite well without him. Latrelle also told Steven that, as long as he remained in their lives, if he was ever late with support payments, she would make life miserable for him. He claimed that Latrelle made it clear that she did not want him involved in either her life or Amy's and told him that, if he stayed out of their lives, she would stay out of his life. Steven testified that it was at that point that he decided, because of the animosity between himself and Latrelle, that Amy would be psychologically better off growing up without a father. Steven thereafter made no effort to contact Amy, and for twenty-five years, Latrelle did not contact him to collect support.

Steven testified that he left Indiana in the early part of 1970 and moved to St. Louis, Missouri, where he lived until he moved to California in 1977. Although Steven did not maintain an agent for service of process in Indiana and never notified Latrelle of his address, he did not hide his whereabouts and always had a listed telephone number. In addition, Latrelle was acquainted with and knew how to reach a number of Steven's relatives, including his parents, who lived in the Indianapolis area.

Although both of Steven's parents were deceased at the time of the hearing, Maxine Kaiser, Steven's aunt, testified that she had lived in Indianapolis all her life and that Latrelle never contacted her in an attempt to reach Steven.

After the hearing, the trial court entered an order, which stated:

This matter having come before the Court upon the Petition to Determine and Reduce Delinquent Child Support to Judgment, and for Award of Interest Thereon filed by Mother, and the matter having been taken under advisement, and the Court having heard the evidence and considered the arguments of counsel, hereby FINDS that the Mother's Petition should be and is hereby denied, inasmuch as Mother's claim is outside the statute of limitations for child support, which is fifteen (15) years from the date each installment becomes due and is unpaid, under I.C. 34–1–2–3.

*Record* at 42.

On appeal, Latrelle presents the following restated issue:

Did the trial court err as a matter of law in denying the petition to reduce delinquent child support to judgment on the basis that the claim was brought outside the period of limitations?

■ Ind.Code Ann. § 34–1–2–3 (West 1983) applies to actions to recover accrued court-ordered child support payments. *Kuhn v. Kuhn,* 273 Ind. 67, 402 N.E.2d 989 (1980). It provides:

All actions not limited by any other statute shall be brought within ten (10) years unless the cause of that action arose before September 1, 1982, in which case the action must be brought within fifteen (15) years. In special cases, where a different limitation is prescribed by statute, the provisions of this section shall not apply.

The period of limitations begins to run on each installment of child support as it be-

comes due and unpaid. *Kuhn,* 273 Ind. 67, 402 N.E.2d 989. Therefore, unless tolled by an exception to the general rule, the period of limitations began to run on the final installment of child support in October 1979, when Parsons adopted Amy.

An exception to the general rule applicable to actions involving non-resident defendants is contained in IC § 34-1-2-6 and provides in pertinent part:

> (a) The time during which the defendant is a nonresident of the state shall not be computed in any of the periods of limitation except during such time as the defendant by law maintains in the state of Indiana an agent for service of process or other person, who, under the laws of the state of Indiana, may be served with process as agent for the defendant.

IC § 34-1-2-6.

■ Steven argues that this tolling statute applies only to new causes of action and, because the Marion Superior Court retained personal and subject matter jurisdiction in this case by virtue of the July 8, 1970 divorce decree, the fact that Steven was a non-resident is of no consequence. He claims that Latrelle's petition to reduce delinquent child support to judgment is time-barred.

Latrelle argues that Steven's voluntary absence from Indiana triggered the application of the non-resident exception found in IC § 34-1-2-6, thereby tolling the running of the period of limitations found in IC § 34-1-2-3. She claims that, because Steven did not maintain an agent for service of process within the state, the period of limitations was tolled during the entire period Steven was absent from Indiana.

■ Once an Indiana trial court enters an original divorce decree awarding custody and support, it retains subject-matter jurisdiction as well as personal jurisdiction over the parties, even if they later move out of state. *Weber v. Harper,* 481 N.E.2d 426 (Ind.Ct.App.1985), *trans. denied.* Consequently, the petition filed by Latrelle in 1995 was merely a continuation of the 1970 divorce action, and the Marion Superior Court retained both personal and subject matter jurisdiction in this case. *See Mueller v. Mueller,* 259 Ind. 366, 287 N.E.2d 886 (1972); *Weber,* 481 N.E.2d 426. We conclude, under

these circumstances, that the nonresident tolling exception is inapplicable. To accept Latrelle's argument that the tolling provision applies would lead to the untenable result that an action against an absent party would virtually never be barred even where that party is amenable to process and subject to the jurisdiction of the court.

Although our research has revealed no Indiana case directly on point, the majority of jurisdictions which have considered the issue have held that the tolling provision of a statute does not apply when the non-resident defendant is amenable to service of process and subject to the jurisdiction of the court. *See Frazier v. Castellani,* 130 Mich.App. 9, 342 N.W.2d 623 (1983); 55 A.L.R.3d 1158. The language in *Frazier* is instructive and reflects the reasoning of the majority that, where a plaintiff's right of action is not affected by the defendant's absence from the state, justice does not require a strict construction of the tolling provision:

> The purpose of a tolling provision is to protect the right of a plaintiff to bring an action and to prevent a defendant from defeating a claim by absenting himself from the jurisdiction. It preserves [the] plaintiff's claim until such time as service on the defendant is made available. Statutes of limitation are designed to promote diligence on the part of the plaintiff, to prevent the litigation of stale claims and to establish a reasonable, but limited, time for bringing an action.... The mere fact of a defendant's absence from the state will not suspend the limitation period when the defendant is amenable to process and subject to the jurisdiction of the court.

*Frazier,* 342 N.W.2d at 626.

In *Ewing v. Bolden,* 194 Mich.App. 95, 486 N.W.2d 96 (1992), the Michigan Court of Appeals considered the effect of that state's tolling provision in a case involving a motion brought by the plaintiff-mother to liquidate and reduce to judgment the total amount of child support arrearage owed by the defendant-father. The tolling provision construed by the Michigan court was substantially similar to IC § 34-1-2-6. *Lee v. Estate of Cain,* 476 N.E.2d 922 (Ind.Ct.App.1985). It provided:

> If any person is outside of this state at the time any claim accrues against him the

period of limitation shall only begin to run when he enters this state unless a means of service of process sufficient to vest the jurisdiction of a Michigan court over him was available to the plaintiff. If after any claim accrues the person against whom the claim accrued is absent from this state, any and all periods of absence in excess of 2 months at a time shall not be counted as any part of the time limited for the commencement of the action unless while he was outside of this state a means for service of process sufficient to vest the jurisdiction of a Michigan court over him was available to the plaintiff.

M.C.L. § 600.5853; M.S.A. § 27A.5853. The *Ewing* court found that the mother's claim, which was brought more than sixteen years after the final installment of child support became due, was time-barred, stating:

> Regardless of when the claim accrued, the tolling provision is not applicable if the plaintiff had a means of obtaining personal jurisdiction and proper service over the defendant who was no longer in this state. The [trial court] had personal jurisdiction over defendant when the court issued the original judgment of divorce....Any subsequent action based on the original judgment, even if brought pursuant to a new complaint, is deemed to be a continuation of the original action so that jurisdiction is proper in the court that rendered the original judgment. Consequently, the action filed in 1989 to collect the original judgment was merely a continuation of the 1956 divorce action and the [trial court] continued to have personal jurisdiction over the defendant.

> Moreover, new process is not required to reduce a child support obligation to an enforceable, final judgment if there was personal jurisdiction over the parties at the time the judgment of divorce was granted. In this case, because the action to collect the divorce judgment was merely a continuation of the divorce action, service of process would not have been necessary, only notice to defendant of the relief sought. Regardless, the court rules provide for substituted service of process for nonresident defendants subject to personal jurisdiction in this state.

> We find that the [trial court] had continuing personal jurisdiction over defendant in this case, M.C.L. § 600.5853; M.S.A. § 27A.5853, and that plaintiff had a means for service of process on defendant sufficient to bring the action to collect the judgment. Consequently, M.C.L. § 600.5853; M.S.A. 27A.5853 was inapplicable to toll the limitation period in this case. [Citations omitted.]

*Ewing*, 486 N.W.2d at 99.

*Brown v. Vonsild*, 91 Nev. 646, 541 P.2d 528 (1975), also involved facts similar to those in this case. In *Brown*, the plaintiff-wife sought a judgment against her former husband for arrearage in child support payments due pursuant to the parties' divorce decree and a later order entered by the court for payment of child support. In *Brown*, the Nevada Supreme Court affirmed the trial court's determination that the statute of limitations had not been tolled during the period that the defendant was a non-resident of the state because he, by virtue of the original divorce proceedings, had been effectively and continuously subject to the jurisdiction of the court.

We are persuaded by the reasoning of the *Ewing*, *Frazier*, and *Brown* decisions and join the majority of those states which have considered the issue and have held that a statute tolling the running of a period of limitations does not apply where the party claiming the benefit of the period of limitations was subject to the jurisdiction of a court in that state. *See* 55 A.L.R.3d 1158 and cases cited therein. Accordingly, we conclude that IC § 34–1–2–6 did not apply to toll the running of the period of limitations in this case because Steven was subject to the continuing jurisdiction of the Marion Superior Court. Because the period of limitations was not tolled, the trial court did not err in denying Latrelle's petition to reduce delinquent child support to judgment.

Judgment affirmed.

KIRSCH and RUCKER, JJ., concur.