In re Michael DORE, Appellant–
Petitoner,

v.

Donna DORE, Appellee–Respondent.

No. 64A03–0206–CV–208.

Court of Appeals of Indiana.

Feb. 6, 2003.

---

George R. Livarchik, Chesterton, IN, Attorney for Appellant.

I. Alexander Woloshansky, Merrillville, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

The trial court entered an Order on Child Support Arrears, awarding Donna Dore child support and medical arrears and reducing the arrears to judgment. Her ex-husband, Michael Dore, now appeals the decision of the trial court. We affirm.

### Issue

Michael raises a single issue for our review, which we restate as whether the trial court abused its discretion in awarding child support and medical arrears.

### Facts and Procedural History

On December 11, 1981, the trial court issued a Dissolution Decree dissolving Michael and Donna's marriage. Donna was awarded custody of the couple's only child, Danielle (born 4/1/1981), and Michael was granted visitation and ordered to pay child support. When Michael failed to make the child support payments, Donna made repeated attempts to enforce Michael's obligation to pay child support. Michael was arrested on a Bench Warrant issued by the trial court on July 26, 1985, due to his failure to appear at hearings. Once arrested, he entered into an agreement to pay child support. When he changed employers, however, he ceased payments for a time. A new Order was entered in November 1988, but Michael failed to make payments again. Another Order was entered on June 14, 1989.

Donna filed a Motion for Rule to Show Cause in August 1990 due to Michael's non-payment. Another Order was entered September 13, 1991. Yet another Order was entered on October 3, 1991, finding Michael in arrears on child support in the sum of $15,046.98.

Donna filed another Motion for Rule to Show Cause on April 8, 1992, due to Michael's non-compliance with his child support obligation. In an order dated June 10, 1993, Michael was found to be in Contempt of Court and sentenced to ninety days in the Porter County Jail. That sentence was stayed conditioned upon Michael meeting certain obligations. When he did not meet the obligations, another Bench Warrant was issued for his arrest.

Donna filed another Motion for Rule to Show Cause on August 1, 1996. On March 17, 2000, Michael was arrested and on March 24, 2000, the trial court approved an Agreed Order. The Order made no mention of child support arrearages as of that date.

Danielle turned eighteen on April 1, 1999. On October 31, 2000, Danielle married and was therefore emancipated. On June 19, 2001, Michael filed his Petition to

Emancipate Danielle. The Petition was granted the same day. On January 29, 2002, Donna filed her Petition to Establish Child Support Arrearage. The trial court held a hearing on May 23, 2002, and entered an Order on Child Support Arrears calculating Michael's child support arrears at $16,248.70 and medical arrears at $9,581.32 and reduced both to judgment in favor of Donna. This appeal ensued.

### Discussion and Decision

### I. Standard of Review

 Generally, decisions regarding child support rest within the sound discretion of the trial court. *Painter v. Painter*, 773 N.E.2d 281, 282 (Ind.Ct.App.2002). We will reverse a trial court's decision in child support matters only for an abuse of discretion or if the trial court's determination is contrary to law. *Id.*

### II. Statute of Limitations for Child Support Arrearage

Michael argues that the trial court erred in calculating his child support arrearage for two reasons: first, he argues that the prior Orders were never reduced to judgment and therefore, reflect only findings which were not preserved beyond the stat-

ute of limitations in effect when each Order was handed down; second, he argues that enforcement of each installment was barred ten years after it became due and unpaid and therefore, he should not be required to pay any child support installment which was more than ten years overdue when Donna filed her Petition to Establish Child Support on January 29, 2002. We address each contention in turn.

 First, Michael argues that the prior Orders were not reduced to judgment and therefore, constitute only findings.[1] Donna, however, argues that each ruling made reference to the previous ruling in determining the arrearage at that time, thereby keeping the judgments from expiring. She contends that she has kept the case alive through hearings, contempt citations and rulings from the trial court. Therefore, she argues that the statute of limitations does not bar her from recovering the full amount awarded by the trial court.

In order to determine whether the previous Orders were reduced to judgment, we must examine the wording of each Order. Because not all of the Orders were provided to this court for examination, we examine the Orders provided in chronological order.[2] We look first to the October 3,

---

1. If this court finds that the Orders were reduced to judgment, Donna would have twenty years from each judgment in which to enforce the Order. *See* Ind.Code § 34–11–2–12, which provides that:

 Every judgment and decree of any court of record of the United States, of Indiana, or of any other state shall be considered satisfied after the expiration of twenty (20) years.

 Ind.Code § 34–11–2–12. Therefore, a party has twenty years from the date the money judgment was entered and indexed by the trial court to execute it. *Arend v. Etsler*, 737 N.E.2d 1173, 1176 (Ind.Ct.App.2000). The earliest Order referenced by either party was issued in 1985. If this court finds that the Order was reduced to judgment, Donna

would have until 2005 to enforce the earliest Order.

2. We note initially that not all of the Orders from the trial court are included in the materials delivered to this court. Out of the many Orders issued, we have only the Orders from October 3, 1991 (contained in the Brief of the Appellee and not in the Appendix), June 10, 1993, and May 23, 2002. It is the Appellant's responsibility to provide us with an Appendix which includes all relevant pleadings and other documents, including previous Orders. *See* Ind. Appellate Rule 50(A)(2). Especially considering Michael is trying to prove to this court that each of the earlier Orders was not reduced to judgment, he would have been wise to include the earlier Orders for this court's review. Without the other Orders, we

1991, Order. This Order begins by stating the amount of arrearage to that point:

1. That on September 15, 1988 this Court determined that the Respondent, Michael Dore, was in arrears on child support in the amount of $8,271.98. That since that time the Respondent has fallen behind an additional $6,775.00 in child support for a total child support arrearage as of September 13, 1991 of [sic] $15,046.98.

Brief of Appellee at 14. Therefore, the October 3, 1991, Order is referencing an earlier Order which found that Michael was in arrears in the amount of $8,271.98 as of September 15, 1988. The October 3, 1991, Order then accepts that amount and adds the additional amount from September 15, 1988 through September 13, 1991. This covers a period of time less than three years and is clearly within the statute of limitations. Additionally, the October 3, 1991, Order stated:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

1. The Respondent, Michael Dore, is in arrears on child support in the sum of $15,046.98 as of September 13, 1991. In addition thereto Respondent owes Petitioner, Donna Dore, the sum of $2,221.00 in medical reimbursement costs that the Petitioner incurred on behalf of the parties' minor child which expenses are in the character of child support and not dischargeable in bankruptcy.

*Id.* at 15. Therefore, this Order accepted the judgment of the September 1988 Order, added additional delinquent child support payments from September 1988 until October 1991, and reduced the amounts to judgment.

The next Order which was provided to this court for review was issued by the trial court June 10, 1993. Appellant's Appendix at 17. That Order states that Michael was in arrears for child support payments for a total of $14,742.98 as of June 2, 1993. *Id.* at 18. This amount is reduced to judgment. *Id.* at 19. The Order accepts the arrearage from the previous Order and adds additional delinquent payments from October 1991 through June 1993, again an amount of time clearly within the statute of limitations.

Next, we consider the May 23, 2002, Order. That Order sets the amount of child support arrears at $16,248.70 and reduces that amount to judgment. *Id.* at 8. That Order accepts the amount from the previous Order and adds additional delinquent payments from June 1993 to the date of Danielle's emancipation. This Order reflects back less than ten years, a period of time within the statute of limitations.

Therefore, none of the Orders purports to address payments more than ten years delinquent. Each Order accepts the decision of the previous Order and adds payments, none of which dates back more than ten years. Therefore, the arrearage is not barred by the statute of limitations.

Michael contends that the arrearage is barred by the statute of limitations because the Orders were findings rather than judgments. In support of this contention, he states that Donna used contempt proceedings to enforce the delinquent child support payments and he argues that contempt is not available for judgments. Therefore, he states that the Orders must have been findings rather than judgments and therefore, the payments were not reduced to judgment and any delinquency more than

are confined to reviewing the Orders provided to us.

ten years prior to the date Donna filed her Petition to Establish Child Support Arrearage is barred by the statute of limitations. However, the Indiana legislature has specifically recognized that contempt is available as one tool to enforce child support payments. *See* Ind. Code § 31–14–12–3. In addition, our supreme court has also recognized the inherent powers of a trial court to use contempt as a remedy in the context of child support. *Pettit v. Pettit*, 626 N.E.2d 444, 446 (Ind.1993) ("Therefore, we hold that contempt is always available to assist in the enforcement of child support, at least in respect of unemancipated children, including orders to pay accrued arrearages and money judgments against delinquent parents for past due amounts."). Thus, Michael's argument that his contempt citations indicate that the previous Orders were merely findings and not judgments is without merit.

■ Additionally, Michael claims that the trial court erred when it included in its calculation of arrearage delinquent child support for which the applicable statute of limitations has expired. Michael cites *Kuhn v. Kuhn*, 273 Ind. 67, 402 N.E.2d 989 (1980), which held that the general statute of limitations, Indiana Code section 34–1–2–3, now found at Indiana Code section 34–11–1–2, was applicable to actions to recover accrued, court-ordered child support payments. *Id.* at 991. This statute states that, "[a] cause of action that … arises on or after September 1, 1982[,] and … is not limited by any other statute[,] … must be brought within ten (10) years." Ind.Code § 34–11–1–2. Michael also cites *Haton v. Haton*, 672 N.E.2d 962 (Ind.Ct.App.1996), *trans. denied*, which followed *Kuhn*, and applied the general statute of limitations to an action to recover court-ordered child support. *Id.* at 963.

The Court in *Kuhn* held that the statute of limitations begins to run on each installment of child support as it becomes due and unpaid. *Id.* at 991. Applying the rule of these cases, Michael claims that the trial court improperly included in its arrearage calculation payments which had become due and unpaid more than ten years ago. *See also Thurman v. Thurman*, 777 N.E.2d 41, 44–45 (Ind.Ct.App.2002) (holding that father incorrectly relied on repealed statute of limitations in appealing the trial court's determination of child support arrearage).

The confusion here seems to stem from a change in the statute of limitations for child support actions after Michael and Donna's dissolution but before Donna brought her Petition to Establish Child Support Arrearage. Previously, child support actions did not have a separate statute of limitations and were governed by Indiana Code section 34–1–2–3 which provided:

> All actions not limited by any other statute shall be brought within fifteen (15) years.

*See, e.g., Kuhn*, 402 N.E.2d at 991. Prior to 1983, the Indiana legislature amended section 34–1–2–3 to state:

> All actions not limited by any other statute shall be brought within ten (10) years unless the cause of that action arose before September 1, 1982, in which case the action must be brought within fifteen (15) years. In special cases, where a different limitation is prescribed by statute, the provisions of this section shall not apply.

*See, e.g., Haton*, 672 N.E.2d at 963. This appears to be the statute of limitations which Michael is relying upon for his contention that several of his past child support installments are no longer available to Donna because they are more than ten years old. However, as shown above, each

of the Orders issued by the trial court consisted of a renewal of the previous amount and an addition of less than ten years' worth of child support installments. Therefore, even under the previous statute, Michael's child support installments are not barred by the statute of limitations.

We note that on May 8, 1995, Indiana Code section 34–1–2–1.6 was enacted and given emergency effect. *See Thurman,* 777 N.E.2d at 44. This section has since been recodified at Indiana Code section 34–11–2–10 and states:

> An action to enforce a child support obligation must be commenced not later than ten (10) years after:
>
> (1) the eighteenth birthday of the child; or
>
> (2) the emancipation of the child.
>
> whichever occurs first.

Ind.Code § 34–11–2–10. Thus, a more specific statute of limitations has been enacted to cover actions to enforce child support obligations. *See Thurman,* 777 N.E.2d at 44.

■ Two general rules apply with respect to the enactment of a new statute of limitations: (1) the period of limitation in effect at the time the suit is brought governs in an action even though it may lengthen or shorten an earlier period of limitation; (2) however, a new statute of limitations cannot revive a claim which was foregone under the prior statute of limitations before passage of the new one. *Connell v. Welty,* 725 N.E.2d 502, 506 (Ind.Ct. App.2000).

In the present case, Donna's earliest attempts to collect Michael's unpaid child support obligations began in May 1985. At that point, the prior statute of limitations had not foreclosed her action because she brought it within ten years of the earliest child support installment. In May 1995, our General Assembly enacted what is now Indiana Code section 34–11–2–10, which specifically governs actions to recover delinquent child support obligations. *See also Thurman,* 777 N.E.2d at 45. Therefore, according to the rule set forth above, section 34–11–2–10 applies to the Petition to Establish Child Support Arrearage whether it lengthens or shortens the earlier applicable period.

■ Pursuant to section 34–11–2–10, any action to enforce a child support obligation must be commenced not later than ten years after the eighteenth birthday or the emancipation of the child who is the object of the support order, whichever occurs first. Here, Danielle turned eighteen on April 1, 1999 and was married on October 31, 2000. Therefore, her eighteenth birthday occurred first. Thus, the ten-year period set forth in section 34–11–2–10 began running on April 1, 1999 and had not expired when Donna filed the Petition to Establish Child Support Arrearage on January 29, 2002. Therefore, the trial court did not err in calculating Michael's child support arrearage.[3]

---

3. Donna additionally requests damages including appellate attorneys' fees arguing that Michael's appeal was frivolous or brought in bad faith. *See* Ind. Appellate Rule 66(E) ("The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees....") Specifically, she states that this is "merely the next step in avoiding and delaying his child support obligation." Brief of Appellee at 11. "A strong showing is required to justify an award of appellate damages, and the sanction is not imposed to punish lack of merit unless an appellant's contentions and arguments are utterly devoid of all plausibility." *Kuehl v. Hoyle,* 746 N.E.2d 104, 110 (Ind.Ct.App.2001), *trans. denied.* Although Michael's argument did not carry the day, Donna has not proven that it was devoid of all plausibility. Therefore, we deny her request for appellate damages.

*Conclusion*

The current statute of limitations for child support obligations mandates that an action be brought no later than ten years after the eighteenth birthday or emancipation of the child in question, whichever comes first. As the statute of limitations has not yet run on Michael's child support obligations, the trial court did not abuse its discretion in calculating Michael's child support arrearage. Additionally, the previous statute of limitations allowed ten years from each child support installment to seek relief. Because Donna did not wait more than ten years to have each child support installment reduced to judgment and has not waited more than twenty years to execute any of the judgments, the trial court did not abuse its discretion in calculating Michael's child support arrearage.

Affirmed.

BAILEY, J., and BARNES, J., concur.